OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



January 5, 2001

Ms. Sherry L. Lee
Executive Director
Texas State Board of
  Examiners of Psychologists
333 Guadalupe, Suite 2-450
Austin, Texas 78701

Opinion No. JC-0321

Re: Whether, under the Psychologists' Licensing Act, chapter 501 of the Occupations Code, the Board of Examiners of Psychologists may investigate the activity or service of a person who is licensed by the Board if the activity or service is performed within the scope of the person's employment by an "exempt facility," and related questions; reconsidering Attorney General Opinion JM-1247 (1990) (RQ-0213-JC)

Dear Ms. Lee:

The Psychologists' Licensing Act (the "Act"), chapter 501 of the Occupations Code, *see* TEX. OCC. CODE ANN. § 501.001 (Vernon 2000), does not apply to the "activity or service of a person[] who is employed as a psychologist or psychological associate by a governmental agency or regionally accredited institution of higher education" if the activity or service is among the "duties the person is employed to perform within the confines of the agency or institution." *Id.* § 501.004(a)(1). Attorney General Opinion JM-1247 concludes that a person who is employed to practice psychology for a governmental agency or regionally accredited institution of higher education (together, an "exempt facility"), but who has chosen to obtain a license under the Act is subject to the Act even with respect to duties the licensee is employed to perform and performs "within the confines of" the employing exempt facility. *See* Tex. Att'y Gen. Op. No. JM-1247 (1990) at 3. You ask whether Attorney General Opinion JM-1247 correctly construes the Act to permit the State Board of Examiners of Psychologists (the "Board") to investigate misconduct by a voluntarily licensed psychologist or psychological associate committed "within the confines of" an exempt facility.[1] It does not. Section 501.004(a)(1) of the Act expressly exempts the activity or service of a licensee who is employed at an exempt facility if the activity or service is within the "duties the person is employed by the" exempt facility "to perform within the confines of the agency or institution." TEX. OCC. CODE ANN. § 501.004(a)(1) (Vernon 2000). Thus, the Board has no jurisdiction of duties a voluntarily licensed person is employed by an exempt facility "to perform within the confines of the" exempt facility. *See id.* We further interpret the statutory phrase "within

---

[1]Letter from Ms. Sherry L. Lee, Executive Director, Texas State Board of Examiners of Psychologists, to Honorable John Cornyn, Texas Attorney General (Mar. 30, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

the confines of" to refer to duties within the scope of employment, whether or not the duties are performed within the geographic bounds of the exempt facility.

You ask five specific questions regarding the Board's jurisdiction to investigate a complaint against a licensed psychologist or psychological associate who is employed by an exempt facility. *See id.*

1. Is Attorney General Opinion Number JM-1247 still a valid opinion?

2. By forwarding complaints to an exempt facility for investigation, does the Board violate its duty to investigate complaints filed against its licensees?

3. Is it necessary to obtain a formal written agreement, such as a memorandum of understanding, between the Board and the exempt agency or institution before a complaint can be referred for investigation at the agency level?

4. What, if any, is the Board's recourse if an exempt agency or facility is unwilling to permit the Board to investigate an alleged violation and is unwilling to conduct [its] own investigation on behalf of the Board?

5. If a complaint must be dismissed due to the Board's inability to investigate the matter, has the Board violated Section 501.204(a)(2) of the Act, which requires the Board to ensure that a complaint is not dismissed without appropriate consideration?

*Id.* at 1-2. Questions 2-5 appear to assume that the Board has jurisdiction to investigate complaints regarding the activity or service of a licensee who is employed by an exempt facility, even though the activity or service is within the scope of employment. Because we conclude that Attorney General Opinion JM-1247 is incorrect and that the Board has jurisdiction to investigate complaints concerning a licensee's activity or service performed at an exempt facility only if the activity or service is beyond the scope of employment at the exempt facility, we do not answer these questions.

You also ask us to evaluate a Board policy statement. *See id.* at 1. Under the "Policy Statement on Licensees Who Work in Exempt Facilities" (the "Policy Statement"),

persons who are employed in exempt facilities as psychologists or psychological associates are not required to be licensed . . . . However, . . . persons who are [so] employed . . . and who provide

> services to the public for added compensation above their salary from the exempt agency [must] be licensed . . . .
>
> Therefore, any "activities and services" regarding the practice of psychology and licensure with this Board outside the context of the exempt setting are subject to the requirements of the Act and the rules and to the discipline of the Board.
>
> . . . .
>
> Complaints received by the Board concerning the "activities and services" of a licensee in an exempt setting are referred to the appropriate exempt agency so that the matter can be resolved in the most expedient and proper manner. Complaints pertaining to the "activities and services" occurring outside of the exempt setting by a licensee who is employed by an exempt agency will be investigated and resolved by the Board.

Policy Statement attached to Request Letter, *supra* note 1. We conclude that, to be completely consistent with our interpretation, the Policy Statement should make clear that a licensee's activity or service, performed at an exempt facility but beyond the scope of the licensee's employment with the exempt facility, is subject to the Act and may be investigated by the Board.

Your questions arise from two types of situations. *See* Telephone conversation with Amy Swann, General Counsel, Board (June 29, 2000). In the first, the employer, an exempt facility, asks the Board to investigate the conduct of a person who is employed by the facility to practice psychology there and who has voluntarily obtained a license. *See id.* You do not indicate whether the conduct in question was performed within the scope of the licensee's employment. In the second scenario, the Board learns of alleged misconduct by a licensee who is employed to practice psychology by an exempt facility, but when the Board informs the exempt facility of the allegations or attempts to investigate the allegations, the exempt facility does not cooperate. *See id.* Presumably, some of the exempt facilities about which you ask are governmental agencies, but others are private entities, such as private colleges and universities.

Several portions of the Act relate to the issues you raise. Under the Act, a person "engaged in the practice of psychology" generally must be licensed by the Board. TEX. OCC. CODE ANN. §§ 501.003(a), .251 (Vernon 2000); *see also id.* § 501.003(b), (c) (defining when person "is engaged in the practice of psychology" and "practice of psychology"). A psychologist may obtain a license under section 501.252 of the Occupations Code, while a psychological associate may obtain a license under section 501.259. *See id.* §§ 501.002(4), (5), .252, .259.

Among the Board's duties is that of receiving and investigating complaints about a licensee's conduct. The Board is required to regulate the investigation and disposition of complaints:

> (a) The board shall adopt rules concerning the investigation of a complaint filed with the board. The rules adopted under this subsection must:
>
> > (1) distinguish between categories of complaints;
> >
> > (2) ensure that a complaint is not dismissed without appropriate consideration;
> >
> > (3) require that the board be advised of a complaint that is dismissed and that a letter be sent to the person who filed the complaint explaining the action taken on the dismissed complaint;
> >
> > (4) ensure that the person who filed the complaint has an opportunity to explain the allegations made in the complaint; and
> >
> > (5) prescribe guidelines concerning the categories of complaints that require the use of a private investigator and the procedures for the board to obtain the services of a private investigator.
>
> (b) The board shall:
>
> > (1) dispose of each complaint in a timely manner; and
> >
> > (2) establish a schedule for conducting each phase of a complaint that is under the control of the board not later than the 30th day after the date the complaint is received by the board.

*Id.* § 501.204(a), (b). The board may discipline a licensee who violates the Act or who commits certain other acts. *See id.* §§ 501.402, .451.

Section 501.004(a)(1) of the Act exempts from the Act's application the activity or service of a person who is employed by an exempt facility to practice psychology if the activity or service is among the employee's duties performed "within the confines of" the exempt facility:

> (a) This chapter does not apply to:
>
> > (1) the activity or service of a person, or the use of an official title by the person, who is employed as a psychologist or psychological

> associate by a governmental agency or regionally accredited institution of higher education if the person performs duties the person is employed by the agency or institution to perform within the confines of the agency or institution.

TEX. OCC. CODE ANN. § 501.004(a)(1) (Vernon 2000). The Board may assist an agency to formulate voluntary guidelines for persons who perform psychological services:

> (a) The board may cooperate with an agency that is not subject to this chapter to formulate voluntary guidelines to be observed in the training, activities, and supervision of persons who perform psychological services.

> (b) Except as provided by Subsection (a), the board may not adopt a rule that relates to the administration of an agency that is not subject to this chapter.

*Id.* § 501.155.

Attorney General Opinion JM-1247, issued in 1990, concludes that a person who practices psychology at an exempt facility and who has voluntarily obtained a license is "subject to" the Act's provisions. *See* Tex. Att'y Gen. Op. No. JM-1247 (1990) at 3. (For the sake of clarity and except where noted, we refer to the statutory provisions discussed in Attorney General Opinion JM-1247 as they are codified now, and not to the pre-codified version actually cited in the opinion. *See* Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 1, ch. 501, 1999 Tex. Gen. Laws 1431, 1853-74 (codifying chapter 501, Occupations Code); *id.* § 6, 1999 Tex. Gen. Laws 1431, 2439-40 (repealing article 4512c, Revised Civil Statutes).) The opinion construes section 501.004(a), which provided that "'[n]othing in this Act shall be construed to apply to . . . the activities, services and use of official title on the part of a person employed as a psychologist'" by an exempt facility. *See* Tex. Att'y Gen. Op. No. JM-1247 (1990) at 1 (quoting TEX. REV. CIV. STAT. ANN. art. 4512c, § 21). "If the phrase '[n]othing in this Act shall be construed to apply' is taken absolutely literally," the opinion reasons, "persons described in the exemptions . . . would be ineligible for . . . licensure[, and w]e do not think . . . that the purpose of section [501.004(a)] is to make certain individuals ineligible for . . . licensure. Rather, the plain purpose of the exemption . . . is to allow persons to engage in certain types of employment without a . . . license." *Id.* at 2. Consequently, the opinion determines, a person who voluntarily chooses to be licensed is subject to the board's rules "to the extent that [the rules] are qualifications for . . . licensure." *Id.* at 3. Finally, the opinion states that the Board may "cancel, revoke, suspend, or refuse to renew [the] . . . . license [of a voluntary licensee] for any of the reasons the board may take such action in regard to . . . licenses generally. . . . Similarly, . . . any person who chooses to seek licensure . . . is subject to the fees imposed by" section 501.152. *Id.*

Since Attorney General Opinion JM-1247 was issued, the Board "has attempted to conduct investigations and resolve consumer complaints relating to violations that have occurred while [a]

licensee was providing psychological services in an exempt setting." Request Letter, *supra* note 1, at 2. Investigation and enforcement have, at times, been difficult:

> [T]he [B]oard has experienced mixed results with regard to the amount of cooperation it has received from other agencies and institutions during the Board's direct investigation into alleged violations. For example, [B]oard investigators have experienced difficulties obtaining requested documents, mental health records, or other information needed to substantiate the complainant's alleged violations. The Board's difficulty in investigating the complaints first hand has necessitated the forwarding of complaints to the exempt facility for investigation at the agency level. Once an investigation has been completed and the results received, the Board [is] able to determine the appropriate disciplinary action to be taken against the licensee. Unfortunately, in the majority of cases the Board does not receive a response of any kind from the exempt facilities. Without the ability to ascertain whether . . . a violation has been committed, the Board is compelled to dismiss the complaint.

*Id.*

We believe Attorney General Opinion JM-1247 incorrectly interprets section 501.004's plain language, and so we overrule it. Subsection (a)(1) states that chapter 501 does not apply to the activity or service of a person who practices psychology at an exempt facility if the activity or service is among the duties the person is employed by the exempt facility to perform and is performed "within the confines of the" exempt facility. *See* TEX. OCC. CODE ANN. § 501.004(a)(1) (Vernon 2000). Under subsection (a)(1), it is not the *practitioner* who is exempt from the Act; rather, it is certain *activities or services* performed by a person who is employed by an exempt facility as a psychologist or psychological associate. Whether or not the employee of an exempt facility is licensed is irrelevant. Attorney General Opinion JM-1247, by contrast, construes subsection (a)(1) to exempt the practitioner unless the practitioner is licensed, and if the practitioner is licensed, then all of his or her activities and services performed as a psychologist or psychological associate are subject to the Act. *See* Tex. Att'y Gen. Op. No. JM-1247 (1990) at 3.

The activity or service of a person, licensed or not, who is employed by an exempt facility as a psychologist or psychological associate is not subject to the Act only if the activity or service is among the "duties the person is employed . . . to perform within the confines of the" exempt facility. TEX. OCC. CODE ANN. § 501.004(a)(1) (Vernon 2000). But a licensed psychologist's or psychological associate's activity or service is subject to the Act despite the licensee's employment by an exempt facility if the activity or service is not among the duties the person is employed to perform "within the confines of the" exempt facility. *Id.* The Board has a duty to investigate allegations regarding an activity or service that is not among the duties a licensee is employed to perform "within the confines of" an exempt facility.

While section 501.004(a)(1) facially limits its application to activities or services that are among the duties a person is employed by an exempt facility to perform "within the confines of" the exempt facility, *id.*, we are uncertain what the phrase "within the confines of" means. The Act does not define it. The term "confines" often has geographic connotations. *See* III OXFORD ENGLISH DICTIONARY 708-09 (2d ed. 1989) (defining "confine"). Practically speaking, though, we cannot imagine that the legislature intended that a person, employed by an exempt facility to practice psychology, who commits some misconduct outside of the geographic boundaries of an exempt facility but within the scope of his or her employment—for, example, on a home visit—should be treated differently than an identical person who commits the misconduct within the walls of the exempt facility. Based on our presumption that the legislature intends the law to achieve "a just and reasonable result," TEX. GOV'T CODE ANN. § 311.021(3) (Vernon 1998), we conclude that the Board lacks jurisdiction to investigate alleged misconduct committed within the scope of a person's employment by an exempt facility, regardless of the geographic location at which the alleged misconduct occurred.

Whether a particular activity or service is beyond the scope of a licensee's employment is a question to be determined in the first instance by the employing exempt facility. It is, after all, the employing exempt facility that has established any particular employee's scope of employment. By contrast, the Board is unable to make that determination.

Where, as we understand sometimes happens, an employing exempt facility asks the Board to investigate the conduct of a licensed employee, *see supra* at 3 (citing Telephone Conversation with Amy Swann), we believe the Board may presume that the exempt facility has determined that the activity or service is beyond the scope of employment. Accordingly, the Board has jurisdiction to investigate the allegations.

On the other hand, where an exempt facility refuses to inform the Board whether a particular activity or service is within the scope of an employee's employment, the Board may assume that the activity or service complained of is within the scope of the licensee's employment and that the Board does not have jurisdiction to investigate. While this assumption is not explicitly stated in the Act, it is the interpretation most consistent with the "hands-off" policy that appears to underlie section 501.004. Our goal is to effect the legislative intent. *See National Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000) (stating that court's objective is to determine and effect legislature's intent). By exempting from the Act's application the activity or service of an employee of an exempt facility, where the activity or service is within the scope of employment, the Act suggests that the Board is not to interfere in the workings of an exempt facility.

Our conclusion that the Board may investigate a complaint regarding the activity or service of a licensee employed by an exempt facility only if the activity or service is beyond the scope of employment, does not mean that the Board may not take notice of a past complaint in an investigation against the same licensee, where the investigation is within the Board's jurisdiction. If the Board does so, it must provide a process that protects the licensee's due-process rights.

Likewise, although the Board has no duty to investigate a complaint regarding an activity or service within the scope of a licensee's employment at an exempt facility, nothing in the Act explicitly forbids the Board to forward a complaint to the exempt facility, so long as the Board complies with any applicable confidentiality provisions. *See, e.g.,* TEX. OCC. CODE ANN. § 501.205 (Vernon 2000) (directing that complaint information is not subject to disclosure except to certain entities).

Because your questions 2-5 appear to assume that the Board has jurisdiction to investigate any licensee activity or service performed at an exempt facility, we do not answer them.

Finally, the Policy Statement does not reflect completely our conclusion today: that the activity or service of a licensee performed at an exempt facility but beyond the scope of the licensee's employment with the exempt facility is subject to the Act and to Board regulation. As the Policy Statement makes clear, "'activities and services' regarding the practice of psychology" of a licensee "outside the context of [an] exempt setting are subject to" Board oversight. *See* Policy Statement attached to Request Letter, *supra* note 1. But the Policy Statement suggests that all of a licensee's activities and services that are performed within "the context of the exempt setting" are beyond the Act and the Board's concomitant authority to investigate. *Id.* Consistently with our conclusions here, the Policy Statement should make clear that a licensee's activity or service, performed at an exempt facility but beyond the scope of the licensee's employment with the exempt facility, is subject to the Act and to investigation by the Board.

## S U M M A R Y

Attorney General Opinion JM-1247 (1990), which concluded that the Psychologists' Licensing Act, chapter 501 of the Occupations Code, applies to a person who is employed to practice psychology for a governmental agency or regionally accredited institution of higher education (together, an "exempt facility") if the person has voluntarily obtained a license under the Act, is overruled. Rather, the Board of Examiners of Psychologists has jurisdiction of a licensee's activity or service only if the activity or service is beyond the scope of the licensee's employment by the exempt facility. *See* TEX. OCC. CODE ANN. § 501.004(a) (Vernon 2000) ("Applicability"). The Board has no jurisdiction to investigate a complaint regarding the activity or service of a licensee employed by an exempt facility if the activity or service is within the scope of employment. Board policy should make clear that a licensee's activity or service, performed at an exempt facility but beyond the scope of the licensee's employment with the exempt facility, is subject to the Act and to investigation by the Board.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee