**NATIONAL LIABILITY AND FIRE INSURANCE COMPANY,**
Petitioner,

v.

**Donald ALLEN, Respondent.**

No. 98–1046.

Supreme Court of Texas.

Argued Sept. 22, 1999.

Decided May 4, 2000.

Robert T. Cain, Jr., Lufkin, Harry W. Deckard, Austin, Joseph McElroy, Lufkin, Joseph A. Pitner, Nelly R. Herraera, David A. Talbot, Andy Taylor, John Cornyn, Austin, for Petitioner.

George Chandler, Darrin M. Walker, Wesley Edward Hoyt, Lufkin, for Respondent.

Justice BAKER delivered the opinion of the Court in which Chief Justice PHILLIPS, Justice ENOCH, Justice ABBOTT, Justice HANKINSON, Justice O'NEILL and Justice GONZALES joined.

We overrule National Liability's motion for rehearing. We withdraw our opinion of February 3, 2000 and substitute the following in its place.

This workers' compensation case presents three issues: (1) whether section 410.253 of the Texas Labor Code's simultaneous-filing requirement is mandatory and jurisdictional; (2) whether Rule 5 of the Texas Rules of Civil Procedure, commonly known as the "mailbox rule," applies to section 410.253 filings; and (3) whether facts and evidence in a Workers' Compensation Commission hearing record must comply with the Texas Rules of Evidence to be admissible at trial in a modified de novo judicial review of a Commission decision. Our decision in *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958 (Tex.1999), controls the answer to issues one and two. Thus, we hold that section 410.253's simultaneous-filing requirement is mandatory but not jurisdictional and that the mailbox rule applies to section 410.253 filings. We conclude that, under section 410.306(b) of the Texas Labor Code, facts and evidence in the Commission record must comply with the Texas Rules of Evidence to be admissible at trial. Accordingly, we affirm the court of appeals' judgment.

## I. BACKGROUND

Donald Allen suffered a work-related back injury. Allen's employer's carrier, National Liability and Fire Insurance Company, contested Allen's claim for workers' compensation benefits. At the contested case hearing, Allen and National Liability disputed whether Allen timely notified his employer that his injury was work-related. Allen testified that, while he was in the hospital recovering from back surgery, he told his superintendent, Tom Angers, that his injury was work-related. Angers testified that he did not recall Allen telling him that the injury was work-related. The hearing examiner found that Allen did not timely notify his employer that his injury was work-related, and therefore the injury was not compensable. The Commission Appeals Panel affirmed the hearing examiner's conclusion. Allen sought judicial review of that decision in district court.

Allen filed his judicial review petition in the district court on June 7, 1993. The Commission received a copy of the petition on June 14, 1993. The only issue at trial was whether Allen had timely notified his employer that his injury was work-related. Allen again testified that shortly after surgery he had told Angers that his injury was work-related. National did not call Angers as a witness. Instead, it attempted to introduce Angers' former testimony from the Commission hearing. Allen objected on hearsay grounds. The trial court refused to admit Angers' Commission testimony on the ground that it was hearsay and that National did not show that Angers was unavailable to testify. The jury found that Allen had timely notified his employer. The trial court rendered a judgment vacating the Commission's decision.

National appealed, asserting that: (1) Allen failed to prove that he timely filed a copy of his petition for judicial review with the Commission, and therefore the district court lacked jurisdiction to entertain Allen's suit; and that (2) the trial court erred in excluding Angers' Commission testimony. The Commission joined National on the first point of error. The court of appeals held that simultaneously filing a petition for judicial review with the Commission and the district court is mandatory and jurisdictional, but that, under the mailbox rule, Allen had timely filed his petition with the Commission. The court of appeals also held that Angers' Commission testimony was hearsay at trial and was therefore inadmissible without a showing of Angers' unavailability under Rule 804(b)(1). *See* Tex.R. Evid. 804(b)(1).

National filed a petition for review with this Court asserting that: (1) because Allen failed to timely file a copy of his petition for judicial review with the Commission, the trial court lacked jurisdiction over Allen's judicial review action; and that (2) Angers' Commission testimony was admissible at trial as part of the Commission record. The Commission also filed a petition for review asserting that: (1) a party seeking judicial review must prove compliance with section 410.253 once another party alleges that the petition for judicial review was not timely filed with the Commission; and that (2) the failure to prove timely filing should bar the party from seeking judicial review of a Commission Appeals Panel decision.

## II. STATUTORY CONSTRUCTION

■ In construing a statute, our objective is to determine and give effect to the Legislature's intent. *See Albertson's,* 984 S.W.2d at 960; *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998). We first look at the statute's plain and common meaning. *See Fitzgerald v. Advanced Spine Fixation,* 996 S.W.2d 864, 865 (Tex.1999); *Albertson's,* 984 S.W.2d at 960. We presume

that the Legislature intended the plain meaning of its words. *See Fleming Foods v. Rylander,* 6 S.W.3d 278, 282 (Tex.1999). If possible, we must ascertain the Legislature's intent from the language it used in the statute and not look to extraneous matters for an intent the statute does not state. *See Seay v. Hall,* 677 S.W.2d 19, 25 (Tex.1984).

## III. TEXAS LABOR CODE SECTION 410.253

■ We recently construed section 410.253 and held that it required filing a petition for judicial review with the trial court and the Commission on the same day. *See Albertson's,* 984 S.W.2d at 961; *see also Benavidez v. Travelers Indem. Co.,* 985 S.W.2d 458, 458 (Tex.1999). We also held that section 410.253's same-day filing requirement was mandatory but not jurisdictional. *See Albertson's,* 984 S.W.2d at 961; *see also Benavidez,* 985 S.W.2d at 458. Finally, we held that the mailbox rule applies to section 410.253 filings. *See Albertson's,* 984 S.W.2d at 962. Both National and the Commission recognize that *Albertson's* and *Benavidez* supersede their section 410.253 arguments. Nevertheless, National and the Commission ask this Court to revisit its holdings in those cases. We respectfully decline to do so. Accordingly, we agree with the court of appeals' conclusion that compliance with section 410.253 is mandatory and that the mailbox rule applies to section 410.253 filings. However, we disapprove of the court of appeals' conclusion that section 410.253's same-day filing requirement is jurisdictional.

## IV. TEXAS LABOR CODE SECTION 410.306

### A. APPLICABLE LAW

■ Whether to admit or exclude evidence is within the trial court's sound discretion. *See Owens–Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 43 (Tex. 1998). On appeal, we review a trial court's

evidentiary decisions by an abuse of discretion standard. *See Jackson v. Van Winkle,* 660 S.W.2d 807, 809–10 (Tex.1983).

The Labor Code provides for a modified de novo review of Commission Appeals Panel decisions on issues of "compensability or eligibility for or the amount of income or death benefits." *Rodriguez v. Service Lloyds Ins. Co.,* 997 S.W.2d 248, 253 (Tex.1999); Tex. Lab.Code §§ 410.301–.308. In such judicial review actions, the Labor Code requires the trial court to inform the jury of the Appeals Panel decision on each disputed issue submitted to the jury or, if a nonjury trial, the Code requires the trial court to consider the Appeals Panel decision. *See* Tex. Lab. Code § 410.304(a), (b). The Labor Code also provides:

> (a) evidence shall be adduced as in other civil trials.
>
> (b) the Commission on payment of a reasonable fee, shall make available to the parties a certified copy of the Commission's record. All facts and evidence the record contains are admissible to the extent allowed under the Texas Rules of Civil Evidence.

Tex. Lab.Code § 410.306(a), (b).

This Court has not previously interpreted section 410.306(b). Two other published opinions have construed this section of the Labor Code. *See St. Paul Fire & Marine Ins. Co. v. Confer,* 956 S.W.2d 825 (Tex.App.—San Antonio 1997, writ denied); *ESIS, Inc., Servicing Contractor v. Johnson,* 908 S.W.2d 554 (Tex.App.—Fort Worth 1995, writ denied). Both of these cases hold that parts of the Commission record are admissible only if they comply with the Texas Rules of Evidence when offered at trial. *See Confer,* 956 S.W.2d at 831 (holding that testimony from a Commission contested-case hearing was not admissible at trial because the witness's unavailability under Rule 804(b)(1) was not shown); *ESIS,* 908 S.W.2d at 561 (holding that a Commission Appeals Panel decision was not admissible at trial because it was

not properly authenticated under the evidence rules).

## B. Analysis

■ Here, the court of appeals held that section 410.306(b) requires evidence in the Commission record to comply with the Texas Rules of Evidence when offered at trial. Accordingly, the court concluded that the trial court did not abuse its discretion in excluding Angers' Commission testimony because, under the Texas Rules of Evidence, the testimony was hearsay when offered in the trial court and National failed to prove that Angers was unavailable to testify. *See* Tex.R. Evid. 804(b)(1).

National contends that the court of appeals' construction of section 410.306 would make almost all testimony before the Commission hearsay when offered later in the trial court. National advocates an alternative construction of section 410.306(b) that would allow parts of the Commission record to be admissible as long as they are relevant, properly authenticated, and do not contain hearsay within hearsay.

National relies on *ESIS* to support its argument, emphasizing the following language: "[a]s part of the [C]ommission record, [the appeals' panel opinion] is admissible under the Act." *ESIS,* 908 S.W.2d at 560. But National misplaces its reliance on *ESIS. ESIS* does not conflict with the court of appeals' construction of section 410.306(b) here.

In *ESIS,* the court of appeals considered whether the trial court abused its discretion by admitting into evidence a copy of the Commission Appeals Panel opinion, which was not certified or authenticated under the Texas Rules of Evidence. *See ESIS,* 908 S.W.2d at 560–61. Relying on section 410.306(b), the *ESIS* court held that, to be admissible under section 410.306(b), the opinion had to comply with the Texas Rules of Evidence when proffered at trial. *See ESIS,* 908 S.W.2d at 560. Because the copy of the Appeals Panel opinion had not been properly certified or authenticated under the evidence

rules, the court of appeals concluded that the trial court abused its discretion by admitting it into evidence. *See ESIS,* 908 S.W.2d at 560. In doing so, the court applied the Rules of Evidence on authentication of public records. *See ESIS,* 908 S.W.2d at 561; Tex.R. Evid. 902, 1005. But the *ESIS* court did not hold that the other evidentiary rules do not apply to the Commission record or parts of it when offered at trial.

 Section 410.306(b)'s plain language does not limit the Texas Rules of Evidence's application to relevancy, authentication, and hearsay within hearsay concerns. *See* Tex. Lab.Code § 410.306(b). It contemplates that *all* of the Texas Rules of Evidence apply to facts and evidence contained in the Commission record when offered at trial. *See* Tex. Lab.Code § 410.306(b).

In *Confer,* the court of appeals considered the exact issue we consider here— whether testimony from a Commission hearing is admissible in a judicial review action. *See Confer,* 956 S.W.2d at 830–31. In *Confer,* the trial court excluded the Commission testimony because the party proffering the testimony did not show that the witness was unavailable to testify at trial. The court of appeals held that the trial court did not abuse its discretion in excluding the evidence. *See Confer,* 956 S.W.2d at 831.

We agree with the *Confer* court and the court of appeals in this case that section 410.306(b) requires testimony in the Commission record to comply with the Texas Rules of Evidence to be admissible in trial. *See Confer,* 956 S.W.2d at 831. Accordingly, we conclude that the court of appeals correctly determined that the trial court did not abuse its discretion when it refused to admit Angers' testimony over Allen's hearsay objection.

## V. THE DISSENT

The dissent would hold that section 410.306(b) does not require that evidence be admissible under the evidentiary rules when offered at trial, but only that the evidence was admissible when initially offered during Commission proceedings. The dissent first reasons that our construction of section 410.306(b) renders section 410.306(b) superfluous. We disagree. While section 410.306(a) provides generally that evidence shall be adduced as in other civil trials, section 410.306(b) specifies that evidence from the Commission record is admissible only to the extent allowed under the evidentiary rules. *See* Tex. Lab. Code § 410.306(a), (b).

The dissent also complains that our construction of section 410.306(b) flouts the legislative intent of streamlining workers' compensation proceedings and results in more expense for workers. But it is the dissent's view of the statute that would require workers to spend more time and money in resolving disputes. Making testimony in the Commission record admissible at trial just because it was admissible when offered at the Commission would force workers to hire attorneys to represent them in Commission proceedings. Workers would need attorneys to effectively cross-examine witnesses and object to inadmissible evidence at Commission proceedings to protect the record. This result would be especially ironic because the Labor Code specifies that the evidentiary rules do not apply to Commission proceedings. *See* Tex. Lab.Code § 410.165. Therefore, the dissent's view would make Commission proceedings more formal and costly than the Legislature intended. Finally, the dissent's interpretation would lead to the anomalous and cumbersome result of trial courts having to retroactively apply the evidentiary rules to evidence offered at the Commission to determine whether that evidence is admissible at trial.

## VI. CONCLUSION

We conclude here, as we did in *Albertson's,* that section 410.253's requirement of simultaneous filing of a

petition for judicial review with the trial court and the Commission is mandatory but not jurisdictional and that the mailbox rule applies to section 410.253 filings. We also conclude that the facts and evidence in the Commission record are admissible at trial only to the extent they are admissible under the Texas Rules of Evidence. Accordingly, we affirm the court of appeals' judgment.

Justice OWEN filed a dissenting opinion, in which Justice HECHT joined.

Justice OWEN, joined by Justice HECHT, dissenting.

The opinion issued February 3, 2000 is withdrawn, and- the following opinion is substituted.

I would hold that testimony given at a workers' compensation contested case hearing is admissible in a later modified de novo review in district court even if the witness is not shown to be unavailable. I do not believe that the Court has given effect to legislative intent in construing section 410.306(b) of the Labor Code. The trial court's refusal to admit the testimony at issue was harmful error, and I would reverse the judgment of the court of appeals and remand this case to the trial court. Accordingly, I dissent.

Donald Allen contends that he suffered a work-related injury and that he timely notified his employer. National Liability, his workers' compensation carrier, disputes that notice was timely. At the contested case hearing, Allen testified that while he was in the hospital immediately after his injury, he told his superintendent, Angers, that his injury arose out of his work. National then called Angers as a witness, and he testified that he did not recall such a statement by Allen. The hearing examiner concluded that notice was not timely given, and the Commission's Appeals Panel affirmed that decision.

Allen sought review of this adverse determination in district court in accordance with the Texas Labor Code. He chose to have a jury decide the sole issue in dispute, which was notice. At trial, National sought to introduce the testimony that Angers had given at the contested case hearing. National did not, however, show that Angers was unavailable to appear at the district court proceedings. The trial court excluded the testimony, relying on Rule 804 of the Texas Rules of Evidence. Thus, although the jury was told that the Appeals Panel had found that Allen had not timely given notice, the jury heard no evidence to that effect.

Until the amendments to the Labor Code in 1989, an appeal to a district court was de novo. *See Texas Workers' Compensation Comm'n v. Garcia*, 893 S.W.2d 504, 512 (Tex.1995) (quoting Tex.Rev.Civ. Stat. Ann. art. 8307 § 10 (repealed by Acts 1989, 71st Leg., 2nd C.S., ch. 1, § 16.01(10))). The Industrial Accident Board's award was inadmissible. *See id.* Testimony presented to the Board was considered hearsay in subsequent court proceedings and was inadmissible unless an exception to the hearsay rule applied. *See, e.g., Texas Gen. Indem. Co. v. Scott*, 152 Tex. 1, 253 S.W.2d 651, 655 (1952). The Legislature revamped the entire workers' compensation scheme in 1989. As part of that comprehensive revision, the Legislature devised a modified de novo review procedure and directed that when contested fact issues are to be decided by a jury, not only must the jury be told "of the commission appeals panel decision on each disputed issue" that the jury is asked to decide, Tex. Lab.Code § 410.304(a), but that "[a]ll facts and evidence the record [in the Commission] contains are admissible to the extent allowed under the Texas Rules of Civil Evidence." *Id.* § 410.306(b). This was meant to be a significant change from prior law.

The meaning of section 410.306(b) allowing "[a]ll facts and evidence" to be considered in the district court proceedings becomes clear when it is considered with the entirety of section 410.306, which says:

§ 410.306. Evidence

(a) Evidence shall be adduced as in other civil trials.

(b) The commission on payment of a reasonable fee shall make available to the parties a certified copy of the commission's record. All facts and evidence the record contains are admissible to the extent allowed under the Texas Rules of Civil Evidence.

(c) Except as provided by Section 410.307, evidence of extent of impairment shall be limited to that presented to the commission. The court or jury, in its determination of the extent of impairment, shall adopt one of the impairment ratings under Subchapter G, Chapter 408.

*Id.* § 410.306.

Thus, the Code provides in subsection (a) that in the district court proceedings, "[e]vidence shall be adduced as in other civil cases." *Id.* § 410.306(a). Without subsection (b), this would mean that none of the testimony given at a contested case hearing would be admitted over an objection unless the witness was unavailable or another exception to the hearsay rule applied. What then would subsection (b) add if it meant nothing other than what (a) already provides? Such superfluity is contrary to established rules of construction. *See Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer,* 904 S.W.2d 656, 659 (Tex. 1995).

The Court's construction of subsection (b) largely eviscerates its value because it leads to the result that proceedings at the trial court cannot be streamlined if a party insists on unavailability of witnesses as a prerequisite to admission of testimony at the contested case hearing. Rather than minimize the duration and cost of a court's review of a Commission decision by allowing the statutorily prescribed introduction of contested-case record evidence, the Court would require parties to recall witnesses. The Court's construction results in unnecessary expense and a hardship for those of limited means.

The Court's decision means that when a workers' compensation carrier challenges an impairment rating, the injured worker does not have the option of relying on the testimony of his experts at the contested case hearing. The worker must call each of his experts live in the district court proceedings unless the witness is unavailable. I do not believe that this was the intent of the Legislature.

I think that the Legislature had something else in mind. It seems clear from the directive that "[a]ll facts and evidence the record contains are admissible" that the Legislature wanted the court or jury in a review proceeding to have the benefit of that evidence without requiring the parties to repeat live for the factfinder everything that transpired before the Commission. Construing section 410.306 in that manner is reasonable and does not render subsection (b) redundant. If the facts or evidence in the Commission record would have been admissible under the Texas Rules of Evidence when offered at the contested hearing, then the facts or evidence may be considered in the district court proceedings. In other words, if evidence was objectionable and could have been excluded in the Commission proceedings had the Texas Rules of Evidence applied, then objections to that evidence may be raised and sustained in subsequent court proceedings.

The Court posits that my construction of the statute would "force workers to hire attorneys to represent them in the Commission proceedings." 15 S.W.3d at 529. That is not the case. As I read the statute, there would be no greater need to protect the record at Commission hearings because specific objections to "facts and evidence the record contains" could be raised in subsequent court proceedings as contemplated by section 410.306(b). *See* TEX. LAB.CODE § 410.306(b) ("All facts and evidence the record contains are admissible to the extent allowed under the Texas Rules of Civil Evidence"). To the extent

that a worker might benefit by having counsel cross-examine witnesses at the Commission hearing, a worker will always face the risk that a witness may be unavailable for subsequent court proceedings and that his or her testimony at the Commission hearing will be admitted in court.

The Court does not explain how it would rule if a witness becomes unavailable after the Commission hearing and the witness's prior testimony contains matters that could have been excluded had the Texas Rules of Evidence applied to Commission proceedings. If the Court is of the view that objections could *not* be raised in court if they were not raised at the Commission, then it would be more important for parties to have counsel at Commission proceedings. As noted above, I do not think that is what the Code contemplates. But, if the Court agrees with me that when a witness is unavailable, section 410.306 allows objections to be raised in court proceedings even if no objection was made at the Commission hearing, then the Court's construction of the Code would lead to what it says is "the anomalous and cumbersome result of trial courts having to retroactively apply the evidentiary rules to evidence offered at the Commission to determine whether that evidence is admissible at trial." 15 S.W.3d at 529. The reasons the Court has given for rejecting my construction of section 410.306 are inconsistent with one another, and accordingly, it would seem that the Court has not carefully thought through its views about the statute.

The trial court's erroneous legal conclusion about the meaning of section 410.306 was an abuse of discretion. *See Huie v. DeShazo*, 922 S.W.2d 920, 927–28 (Tex. 1996). Because the exclusion of the testimony precluded the jury from considering the only testimony indicating that Allen did not give timely notice, the error was harmful. I would reverse the judgment of the court of appeals and remand this case to the trial court for further proceedings.