Ray N. Jackson v. Tex. Workforce Comm. and Dept. of the Air Force

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-246-CV

RAY N. JACKSON APPELLANT

V.

TEXAS WORKFORCE COMMISSION APPELLLEES

AND DEPARTMENT OF THE AIR FORCE

------------

FROM THE 348TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In a single issue, Appellant Ray Jackson claims that the trial court erred by granting the plea to the jurisdiction filed by the Texas Workforce Commission (TWC).  We will reverse and remand.

TWC’s plea to the jurisdiction claimed that Jackson was required to file suit in district court by December 23, 2003 but that he did not file suit until December 26, 2003, three days late.  
See
 
Tex. Labor Code Ann. § 
212.201(a) (Vernon 1996) (providing that party aggrieved by final decision of commission may obtain judicial review of the decision by bringing an action within fourteen days after the commission’s decision is final).  Jackson’s alleged failure to timely file suit formed the sole basis for TWC’s plea to the jurisdiction. 

Jackson agrees that his petition was required to be filed by December 23, 2003 but argues that he did timely file his petition by putting it in an envelope properly addressed and stamped and depositing it in the mail on December 23, 2003.  
See
 
Tex. R. Civ. P.
 5.  He claims that although the district clerk received it on December 26, 2003 and file-stamped it with that date, his petition was nonetheless timely under the “mailbox rule.” 
Id.

A supplemental clerk’s record filed with this court contains the original envelope Jackson utilized to mail his petition.  That envelope bears a postmark of December 23, 2003.  Additionally, the clerk’s record contains a cover letter dated December 23, 2003 that was mailed with Jackson’s petition.  A review of a 2003 calendar establishes that December 23, 2003 was a Tuesday, that December 25, 2003 was a Thursday and was Christmas Day, and that December 26, 2003 was a Friday.  
See
 
Tex. R. Evid.
  201(b), (c).  The Tarrant County Courthouse was closed December 23, 2003 and December 24, 2003. 
See id.

Thus, the record before us, which includes the mailing envelope, establishes that Jackson’s petition was mailed and that the date that it was mailed was December 23, 2003 based on the date on Jackson’s cover letter, the date of the postmark on the envelope, and the fact that it was received on December 26, 2003.  We hold that Jackson’s petition was timely filed under the mailbox rule.
(footnote: 2)  
Accord Nat’l Liab. & Fire Ins. Co. v. Allen
, 15 S.W.3d 525, 526 (Tex. 2000) (holding that labor code section 410.253's simultaneous-filing requirement is mandatory but not jurisdictional and that the mailbox rule applies to section 410.253 filings).  We sustain Jackson’s issue, reverse the trial court’s judgment, and remand this case to the trial court.

SUE WALKER

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED: February 3, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
Appellees do not respond to Appellant’s claim that the mailbox rule applies.