COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-246-CV
  
  
RAY 
N. JACKSON                                                                 APPELLANT
  
V.
  
TEXAS 
WORKFORCE COMMISSION                                        APPELLLEES
AND 
DEPARTMENT OF THE AIR FORCE
 
 
------------
 
FROM 
THE 348TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        In 
a single issue, Appellant Ray Jackson claims that the trial court erred by 
granting the plea to the jurisdiction filed by the Texas Workforce Commission (TWC).  
We will reverse and remand.
        TWC’s 
plea to the jurisdiction claimed that Jackson was required to file suit in 
district court by December 23, 2003 but that he did not file suit until December 
26, 2003, three days late.  See Tex. Labor Code Ann. § 212.201(a) 
(Vernon 1996) (providing that party aggrieved by final decision of commission 
may obtain judicial review of the decision by bringing an action within fourteen 
days after the commission’s decision is final).  Jackson’s alleged 
failure to timely file suit formed the sole basis for TWC’s plea to the 
jurisdiction.
        Jackson 
agrees that his petition was required to be filed by December 23, 2003 but 
argues that he did timely file his petition by putting it in an envelope 
properly addressed and stamped and depositing it in the mail on December 23, 
2003.  See Tex. R. Civ. P. 
5.  He claims that although the district clerk received it on December 26, 
2003 and file-stamped it with that date, his petition was nonetheless timely 
under the “mailbox rule.”  Id.
        A 
supplemental clerk’s record filed with this court contains the original 
envelope Jackson utilized to mail his petition.  That envelope bears a 
postmark of December 23, 2003.  Additionally, the clerk’s record contains 
a cover letter dated December 23, 2003 that was mailed with Jackson’s 
petition.  A review of a 2003 calendar establishes that December 23, 2003 
was a Tuesday, that December 25, 2003 was a Thursday and was Christmas Day, and 
that December 26, 2003 was a Friday.  See Tex. R. Evid. 201(b), (c).  The 
Tarrant County Courthouse was closed December 23, 2003 and December 24, 
2003.  See id.
        Thus, 
the record before us, which includes the mailing envelope, establishes that 
Jackson’s petition was mailed and that the date that it was mailed was 
December 23, 2003 based on the date on Jackson’s cover letter, the date of the 
postmark on the envelope, and the fact that it was received on December 26, 
2003.  We hold that Jackson’s petition was timely filed under the mailbox 
rule.[2]  Accord Nat’l Liab. & Fire Ins. 
Co. v. Allen, 15 S.W.3d 525, 526 (Tex. 2000) (holding that labor code 
section 410.253's simultaneous-filing requirement is mandatory but not 
jurisdictional and that the mailbox rule applies to section 410.253 
filings).  We sustain Jackson’s issue, reverse the trial court’s 
judgment, and remand this case to the trial court.

 
 
                                                          SUE 
WALKER
                                                          JUSTICE
 
 
PANEL 
B:   DAUPHINOT, WALKER, and MCCOY, JJ.
 
DELIVERED: 
February 3, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Appellees do not respond to Appellant’s claim that the mailbox rule applies.