March 21, 2005

The Honorable Micheal B. Murray
35th Judicial District Attorney
200 South Broadway, Courthouse
Brownwood, Texas 76801

Opinion No. GA-0312

Re: Whether service as an assistant prosecutor employed by the district attorney of another state qualifies as service credit for longevity pay under Government Code section 41.252(a) (RQ-0275-GA)

Dear Mr. Murray:

You ask for an interpretation of Government Code chapter 41, subchapter D, which provides for longevity pay for assistant prosecutors.[1] You wish to know whether an individual who was employed as assistant prosecutor by a district attorney of another state could qualify for longevity pay under Texas law based on the individual's years of employment with the other state. Request Letter, *supra* note 1, at 1; Telephone Conversation with Perry Sims, Assistant District Attorney, 35th Judicial District (Mar. 15, 2005).

Government Code chapter 41, subchapter D provides longevity pay for assistant prosecutors. TEX. GOV'T CODE ANN. §§ 41.251-.258 (Vernon 2004). "In the State of Texas there are approximately 1,600 assistant district attorneys, assistant criminal district attorneys, and assistant county and district attorneys," many with more than four years experience in prosecution. HOUSE COMM. ON JUDICIAL AFFAIRS, BILL ANALYSIS, Tex. H.B. 178, 77th Leg., R.S. (2001) (Background and Purpose). The salaries of assistant prosecutors have not kept pace with private sector salaries for experienced attorneys. *See id.* The longevity pay is funded from a $15 cost paid by each surety posting a bail bond for an offense other than a misdemeanor punishable by a fine only. *See* TEX. GOV'T CODE ANN. § 41.258 (Vernon 2004). A certain proportion of these costs is deposited in the "felony prosecutor supplement fund . . . created in the state treasury," from which the comptroller pays the supplements to the counties. *Id.* § 41.258(a), (i)-(j).

The county in which the assistant prosecutor is employed "shall pay a longevity pay supplement . . . to the extent the county receives funds from the comptroller." *Id.* § 41.255(a), (d). *See id.* § 41.255(f) (county is not required to pay longevity supplements if county does not receive funds from the comptroller). An assistant prosecutor for purposes of the longevity pay provisions

---

[1]Letter from Honorable Micheal B. Murray, 35th Judicial District Attorney, to Honorable Greg Abbott, Texas Attorney General (Sept. 17, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

is "an assistant district attorney, an assistant criminal district attorney, or an assistant county attorney to a county attorney compensated by the state to perform the duties of a district attorney." *Id.* § 41.251(1). An assistant prosecutor is entitled to longevity pay if he:

> (1) is a full-time employee on the last day of a state fiscal quarter;
>
> (2) is not on leave without pay on the last day of a state fiscal quarter; and
>
> (3) has accrued at least four years of lifetime service credit not later than the last day of the month preceding the last month of a state fiscal quarter.

*Id.* § 41.252(a). "An assistant prosecutor accrues lifetime service credit for the period in which the assistant prosecutor serves as a full-time, part-time, or temporary assistant prosecutor." *Id.* § 41.257(a). He does not accrue lifetime service credit for a month in which he is on leave without pay. *See id.* § 41.257(b). *See also id.* § 41.257(c) (assistant prosecutor who simultaneously holds two or more positions may accrue lifetime service credit in only one position). An assistant prosecutor receives longevity pay of $20 per month for each year of lifetime service credit, unless the county does not receive funds from the comptroller for that purpose. *See id.* §§ 41.253(a), .255(d), (f).

You ask whether an individual who was employed as assistant prosecutor by a district attorney of a state other than Texas could qualify for longevity pay based on his years of service for the other state. *See* Request Letter, *supra* note 1, at 1. You point out that Attorney General Opinion JC-0473 (2002), which addressed subchapter D, states that "[t]he only express restrictions on the accrual of lifetime service credit to be found in subchapter D" are those set out in sections 41.257(b) and (c), and that nothing in the analysis of subchapter D "suggests a distinction based either upon the continuity of that experience or the locale in which it was gained." Tex. Att'y Gen. Op. No. JC-0473 (2002) at 2-3. *See* Request Letter, *supra* note 1, at 1. These statements must be read in context. *See* Tex. Att'y Gen. Op. Nos. GA-0021 (2003) at 7, JC-0443 (2001) at 3. Attorney General Opinion JC-0473 addressed the following questions: (1) whether lifetime service credit may be earned only during a period of continuous employment, and (2) whether Harris County must include lifetime service credit earned in another county in computing longevity pay owed to a Harris County assistant prosecutor. *See* Tex. Att'y Gen. Op. No. JC-0473 (2002) at 1. That opinion did not consider whether subsection D requires a Texas county to include service while employed by a district attorney of a state other than Texas in computing longevity pay owed an assistant prosecutor. Thus, the statements you quote from Attorney General Opinion JC-0473 do not answer your question.

We address the novel question of law you raise: whether section 41.257(a) provides that an assistant prosecutor accrues lifetime service credit for the time in which he serves as "a full-time, part-time, or temporary assistant prosecutor" while employed by a district attorney of a state other

than Texas. *See* TEX. GOV'T CODE ANN. § 41.257(a) (Vernon 2004). Our primary objective in construing a statute is to determine and give effect to the legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). We start by looking at the plain and common meaning of the statute's words, viewing its terms in context and giving them full effect. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005); *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998). Words that have acquired a technical or particular meaning by legislative definition shall be construed accordingly. *See* TEX. GOV'T CODE ANN. § 311.011(b) (Vernon 2005).

The legislature has defined "assistant prosecutor" for purposes of the longevity pay provisions as (1) "an assistant district attorney," (2) "an assistant criminal district attorney," or (3) "an assistant county attorney to a county attorney compensated *by the state* to perform the duties of a district attorney." *Id.* § 41.251(1) (Vernon 2004) (emphasis added). These officials are necessarily assistant prosecutors employed by a Texas district attorney or other Texas prosecutor because the Texas Legislature has no authority to provide longevity pay to prosecutors employed by other states. *See* TEX. CONST. art. III, § 1 (vesting the legislative power "of this State" in the "Legislature of the State of Texas"); *Am. Nat'l Ins. Co. v. Coates*, 246 S.W. 356, 359 (Tex. Comm'n App. 1923, judgm't adopted) (each state of the union has the power to legislate for itself). *See also* HOUSE COMM. ON JUDICIAL AFFAIRS, BILL ANALYSIS, Tex. H.B. 178, 77th Leg., R.S. (2001) (there are approximately 1,600 assistant prosecutors in Texas).

A phrase in the legislative definition of "assistant prosecutor" is particularly relevant to our conclusion that an "assistant prosecutor" is an assistant prosecutor employed by a Texas district attorney or other prosecutor. The definition refers to "a county attorney compensated *by the state* to perform the duties of a district attorney." TEX. GOV'T CODE ANN. § 41.251(1) (Vernon 2004). The "state" is the State of Texas, which compensates the county attorney of certain Texas counties for performing the duties of a district attorney. *See id.* § 45.175 (Fayette County); § 45.280 (Oldham County). *See also* General Appropriations Act, 78th Leg., R.S., ch. 1330, art. IV-22, 2003 Tex. Gen. Laws 5023, 5569-70 (Strategy B.) (prosecutor salaries and payments).

Section 41.251(1), as we have construed this provision, defines the term "assistant prosecutor" used in the section 41.257(a) provision on accruing lifetime service credit. *See* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005). Section 41.257(a) thus authorizes the accrual of lifetime service credit for service as a Texas assistant prosecutor. *See id.* § 41.257(a) (Vernon 2004). An assistant prosecutor accrues lifetime service credit under section 41.257(a) for the period in which he is employed as an assistant prosecutor by a Texas prosecutor and does not accrue such credits for employment as a felony prosecutor employed by the district attorney of another state.

## S U M M A R Y

Government Code chapter 41, subchapter D provides for longevity pay for Texas assistant prosecutors. An assistant prosecutor does not receive lifetime service credits toward longevity pay for a period in which he is employed as a felony prosecutor by a district attorney's office in another state.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee