**Opinion issued October 7, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00515-CV

———————————

**CHENIERE ENERGY, INC., CHARIF SOUKI, INDIVIDUALLY, AND GREG RAYFORD, INDIVIDUALLY, Appellants**

**V.**

**AZIN LOTFI, Appellee**

---

**On Appeal from the 151st District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-12735**

---

### CONCURRING OPINION

I join the lead opinion, but write separately to emphasize that, given its

specific language and expressly stated purpose to protect only the *constitutional*

*rights* to free speech, petition, and association, the Texas Citizen Participation Act ("TCPA") does not apply to the claim of appellant, Azin Lofti, against appellees, Charif Souki and Greg Rayford, for tortious interference with her employment contract. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001–.011 (Vernon Supp. 2014).

Under Chapter 27 of the Texas Civil Practice and Remedies Code, which is entitled "Actions Involving the Exercise of Certain Constitutional Rights," a party may file a motion to dismiss a legal action that is "based on, relates to, or is in response to [the] party's exercise of the *right* of free speech, *right* to petition, or *right* of association." *Id.* § 27.003(a) (emphasis added). After a hearing on the motion, a trial court must dismiss the action if the moving party "shows by a preponderance of the evidence" that the legal action is "based on, relates to, or is in response to *the party's exercise*" of:

(1) the *right* of free speech;

(2) the *right* to petition; or

(3) the *right* of association.

*Id.* § 27.005(b) (emphasis added).

In the TCPA itself, the legislature expressly stated its purpose:

The purpose of this chapter is to *encourage and safeguard the constitutional rights of persons* to petition, speak freely, associate freely, *and otherwise participate in government* to the maximum

extent permitted by law *and, at the same time,* protect the rights of a person to file meritorious lawsuits for demonstrable injury.

*Id.* § 27.002 (emphasis added). Thus, the TCPA serves to encourage and protect only the "constitutional rights" to "free speech," "petition," and "association." *See* U.S. CONST. amend I; *see also* TEX. CONST. art. I, §§ 8, 27.

Moreover, as explained by the Texarkana Court of Appeals, "[b]y including the phrase 'otherwise participate in government'" in section 27.002, the legislature "intended to protect" only constitutionally protected freedoms "that rise[] to such a level that [they] can be considered participation in government." *Whisenhunt v. Lippincott*, 416 S.W.3d 689, 697 (Tex. App.—Texarkana 2013, pet. filed). Indeed, in his statement of intent, the sponsor of the TCPA explained:

> *Citizen participation is the heart of our democracy.* Whether petitioning the government, writing a traditional news article, or commenting on the quality of a business, involvement of citizens in the exchange of idea[s] benefits our society.
>
> Yet frivolous lawsuits *aimed at silencing those involved in these activities are becoming more common, and are a threat to the growth of our democracy.* The Internet age has created a more permanent and searchable record of *public participation* as *citizen participation* in democracy grows through self-publishing, citizen journalism, and other forms of speech. Unfortunately, abuses of the legal system, *aimed at silencing these citizens*, have also grown. *These lawsuits are called Strategic Lawsuits Against Public Participation or "SLA[P]P" suits*.
>
> Twenty-seven states and the District of Columbia have passed similar acts, most commonly known as either "Anti–SLAPP" laws or "Citizen Participation Acts" that allow defendants in such cases to dismiss cases earlier than would otherwise be possible, thus limiting the costs

and fees. The Texas Citizen Participation Act would allow defendants—who are sued as a result of exercising their right to free speech or their right to petition the government—to file a motion to dismiss the suit, at which point the plaintiff would be required to show by clear and specific evidence that he had a genuine case for each essential element of the claim. In addition, if the motion to dismiss is granted, the plaintiff who has wrongly brought the lawsuit may be required to pay attorney's fees of the defendant.

C.S.H.B. 2973 amends current law relating to *encouraging public participation by citizens by protecting a person's right to petition, right of free speech, and right of association from meritless lawsuits arising from actions taken in furtherance of those rights*.

Senate Comm. on State Affairs, Bill Analysis, Tex. H.B. 2973, 82nd Leg., RS (2011) (emphasis added). Thus, the broader purpose of the Texas *Citizen Participation* Act is to stop such Strategic Lawsuits Against *Public Participation*.

Here, the complained-of acts of Souki and Rayford in regard to their alleged tortious interference with Lofti's employment contract do not at all concern their constitutional rights to petition, speak freely, associate freely, "and otherwise participate in government," i.e., engage in citizen or public participation. Lofti's lawsuit against Souki and Rayford has nothing to do with their constitutional right to engage in citizen or public participation. And Lofti's allegation that Souki and Rayford tortiously interfered with her employment contract cannot in any reasonable sense be read as an attempt to strategically silence them, prevent them from engaging in citizen or public participation, prevent them from associating for such purposes, or in any other way infringe upon their constitutional rights.

4

Regardless, Souki and Rayford claim that Lofti's lawsuit constitutes an attempt to thwart their constitutional right to associate as defined in the TCPA. In the TCPA, the legislature does broadly and vaguely define the "exercise of the right of association" as "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(2). Standing alone, this awkward definition does appear to include communications that are not constitutionally protected and do not concern citizen or public participation. However, we cannot read section 27.001(2) in isolation. The TCPA necessarily contemplates that any communication, as discussed in section 27.001(2), must involve constitutionally protected rights and citizen or public participation.

As noted in the lead opinion, when construing a statute, our objective is to determine and give effect to legislative intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). Although the "plain meaning of the text is the best expression of the legislative intent," this is not true when "a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results." *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). And we "must not interpret the statute in a manner that renders any part of the statute meaningless or superfluous." *Columbia Med. Ctr. of Los Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008).

Here, reading the TCPA in its entirety, the broad definition of "exercise of the right of association" is necessarily restricted by the expressly stated purpose of the TCPA "to encourage and safeguard the *constitutional rights* of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent *permitted by law*." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002 (emphasis added). Although citizens most certainly do have a First Amendment right to associate to bring about social and political change for our "common interests," there is no constitutional right to engage in criminal behavior, commit civil wrongs, or otherwise inflict injury upon others. Importantly, the legislature expressly included within the stated purpose of the TCPA its intent to, "at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *Id*.

Construing the definition of "exercise of the right of association" in section 27.001(2) in isolation, without any regard for the legislature's expressly stated purpose of the TCPA in section 27.002 to protect "constitutional rights," would certainly lead to absurd results. As explained by the Texarkana Court of Appeals:

> The statement of intent confirms the concept gathered from reading the statute as a whole that the Legislature was attempting by this law to protect a citizen's public participation.[] Otherwise, pre-discovery dismissals, attorney's fees, and sanctions would loom over any plaintiff filing an action for private defamatory speech*, which would have the effect of chilling meritorious private defamation suits*, a result neither intended nor required under the TCPA.

*Whisenhunt*, 416 S.W.3d at 698 (emphasis added). Here, the results flowing from reading section 27.001(2) in isolation would also be absurd. Such a reading would serve to actually thwart any meritorious lawsuit for demonstrable injury in which a plaintiff alleges that two or more persons engaged in a civil wrong involving a communication. The defendants could, at the very least, add unnecessary delay and expense to a plaintiff's lawsuit, no matter how meritorious, by simply asserting that, in committing their complained-of acts, they were exercising their right of association by engaging in a communication "to collectively express, promote, pursue, or defend" their own private, "common interests." This is too clever by half.

To the extent that the definition of "exercise of the right of association" in section 27.001(2) can possibly be read as including communications not constitutionally protected and not concerning citizen or public participation, and, thus, be used by litigants to add expense and unnecessary delay to meritorious litigation, especially via interlocutory appeal, the legislature could drop the definition from the TCPA altogether. At the very least, although repetitive, the legislature could revise the definition to include qualifying language, repeating in the definition its stated purpose of the TCPA to protect and encourage the use of "constitutional rights." Although not necessary, such a change would serve to further "protect the rights of a person to file meritorious lawsuits for demonstrable

7

injury" from those who would otherwise abuse the Texas *Citizen Participation* Act and use it to unreasonably delay and add expense to claims for injuries resulting from their private, civil wrongs.



Terry Jennings
Justice

Panel consists of Justices Jennings, Sharp, and Brown.

Jennings, J., concurring, joined by Sharp, J.