

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

May 10, 2016

Ms. Kimberly Corley
Executive Director
Railroad Commission of Texas
Post Office Box 12967
Austin, Texas 78711-2967

Opinion No. KP-0085

Re: Whether the tax on crude oil petroleum produced in this State remains in effect in light of the Eighty-fourth Legislature's passage of Senate Bill 757 and House Bill 7 (RQ-0072-KP)

Dear Ms. Corley:

On behalf of the Railroad Commission ("Commission"), your predecessor asked whether the tax on crude oil petroleum produced in this State remains in effect in light of the Eighty-fourth Legislature's passage of Senate Bill 757 and House Bill 7.[1] Senate Bill 757 repealed sections 81.111 through 81.114 of the Natural Resources Code, which previously provided for levy of the tax. *See* Act of May 22, 2015, 84th Leg., R.S., ch. 470, § 1(1), 2015 Tex. Gen. Laws 1791, 1791 ("S.B. 757"). House Bill 7 amended section 81.112 of the Natural Resources Code to provide that "the tax shall be deposited in the oil and gas regulation and cleanup fund." *See* Act of May 29, 2015, 84th Leg., R.S., ch. 448, § 29, 2015 Tex. Gen. Laws 1740, 1752 ("H.B. 7"). Your predecessor asked, "[w]hen the legislature, in the same session, first repeals the tax on the production of crude oil but later, in separate legislation, directs the dedication of that tax to a specific fund, [whether] the tax remain[s] in effect." Request Letter at 1.

Prior to the 2015 legislative session, pertinent parts of chapter 81, subchapter E of the Natural Resources Code provided:

§ 81.111. Tax Levy

A tax is levied on crude petroleum produced in this state in the amount of three-sixteenths of one cent on each barrel of 42 standard gallons.[2]

---

[1]*See* Letter from Mr. Lindil C. Fowler, Jr., Interim Exec. Dir., Tex. R.R. Comm'n, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Nov. 12, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter"); Email from Ms. Kimberly Corley, Exec. Dir., Tex. R.R. Comm'n, to Op. Comm. (Feb. 10, 2016) (on file with the Op. Comm.) (confirming desire to proceed with request).

[2]Act of May 24, 1977, 65th Leg., R.S., ch. 871, § 81.111, 1977 Tex. Gen. Laws 2345, 2510, *repealed by* S.B. 757, § 1, 2015 Tex. Gen. Laws at 1791.

§ 81.112. Disposition of Tax Proceeds

The tax shall be deposited in the General Revenue Fund.[3]

§ 81.113. Use of Tax Proceeds

Proceeds from the tax shall be used for the administration of the state's oil and gas conservation laws.[4]

§ 81.116. Oil-Field Cleanup Regulatory Fee on Oil

[Imposing a fee.]

The fee is in addition to, and independent of any liability for, the *taxes imposed under Section 81.111 of this code* . . . .[5]

S.B. 757, titled "Repeal of the Production Taxes on Crude Petroleum and Sulfur," expressly repealed sections 81.111 to 81.114 and amended section 81.116 to eliminate the reference to the tax imposed in section 81.111. *See* Act of May 22, 2015, 84th Leg., R.S., ch. 470, §§ 1, 5, 2015 Tex. Gen. Laws 1791, 1791–92. S.B. 757 was enacted on May 22, 2015. *See* S.B. 757, § 10, 2015 Tex. Gen. Laws at 1792.

H.B. 7 was enacted on May 29, 2015. *See* Act of May 29, 2015, 84th Leg., R.S., ch. 448, § 59, 2015 Tex. Gen. Laws 1740, 1759–60. H.B. 7 is an omnibus bill concerning fiscal matters affecting various governmental entities and makes miscellaneous changes to multiple codes. Section 29 of H.B. 7 amends section 81.112 of the Natural Resources Code to read: "The tax shall be deposited in the oil and gas regulation and cleanup fund" pursuant to another provision governing the fund. H.B. 7, § 29, 2015 Tex. Gen. Laws at 1752. H.B. 7 does not otherwise refer to the tax formerly levied in subsection 81.111(a).

Your predecessor noted that early versions of other bills proposed in the same session once contained language referring to the disposition of the tax on crude petroleum, although such language concerning the tax was ultimately moved to H.B. 7. Request Letter at 2–4 (referring to House Bill 6 and House Bill 4034). He suggested that the legislative history of these other bills reveals a general legislative intent that the tax continue and be placed into the oil and gas regulation

---

[3]Act of Apr. 9, 1981, 67th Leg., R.S., ch. 65, § 1, 1981 Tex. Gen. Laws 144, 144, *repealed by* S.B. 757, § 1, 2015 Tex. Gen. Laws at 1791.

[4]Act of May 24, 1977, 65th Leg., R.S., ch. 871, § 81.112, 1977 Tex. Gen. Laws 2343, 2511, *repealed by* S.B. 757, § 1, 2015 Tex. Gen. Laws at 1791.

[5]TEX. NAT. RES. CODE § 81.116, *as amended by* S.B. 757, § 5, 2015 Tex. Gen. Laws at 1792 (emphasis added).

and cleanup fund. *Id.* However, courts are reluctant to consider proposed legislation that was not enacted as evidence of legislative intent for legislation that is enacted into law. *See Dutcher v. Owens*, 647 S.W.2d 948, 950 (Tex. 1983); *see also Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000) (stating that courts do "not look to extraneous matters for an intent the statute does not state").

Your predecessor also asserted that H.B. 7 and S.B. 757 irreconcilably conflict and, as H.B. 7 was enacted last, it must prevail. Request letter at 4–5 (citing TEX. GOV'T CODE § 311.025(a)). The two bills do not conflict, however, because H.B. 7 does not purport to levy the tax on crude oil petroleum that was repealed in S.B. 757.[6] Courts do not give an attempted amendment of a repealed statute the effect of reviving the repealed statute. *See Willaby v. State*, 698 S.W.2d 473, 478 (Tex. App.—Fort Worth 1985, no writ) (holding that a reference in an amendment to a repealed statute "does not revive an otherwise repealed statute, but is merely read disregarding the now erroneous reference"); *see also* TEX. CONST. art. III, § 36 (providing that to revive a law it must "be re-enacted and published at length"); *see generally* 1A Norman J. Singer & J.D. Shambie Singer, *Sutherland Statutory Construction* § 22.3 (7th ed. 2009) at 253 (stating that "[s]ince an amendatory act alters, modifies, or adds to a prior statute, all courts hold that a repealed act cannot be amended. No court will give the attempted amendment effect to revive a repealed act." (footnote omitted)). Accordingly, because the Legislature repealed section 81.111 of the Natural Resources Code and the authority to levy a tax was not reenacted or revived by other legislation, the tax on crude oil petroleum formerly levied by section 81.111 does not remain in effect after the effective date of its repeal.

---

[6]S.B. 757, section 9 provides for tax liability accrued before September 1, 2015:

> The change in law made by this Act does not affect tax liability accruing before the effective date of this act. That liability continues in effect as if this Act had not been enacted, and the former law is continued in effect for the collection of taxes due and for civil and criminal enforcement of the liability for those taxes.

Act of May 22, 2015, 84th Leg., R.S., ch. 470, § 9, 2015 Tex. Gen. Laws 1791, 1792.

## S U M M A R Y

Because the Legislature repealed section 81.111 of the Natural Resources Code and the authority to levy a tax was not reenacted or revived by other legislation, the tax on crude oil petroleum formerly levied by section 81.111 does not remain in effect after the effective date of its repeal.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee