**Opinion issued August 23, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00203-CV

———————————

**TERRI PORTER-GARCIA, Appellant**

**V.**

**THE TRAVIS LAW FIRM, P.C., Appellee**

On Appeal from the 334th Judicial District Court
Harris County, Texas
Trial Court Case No. 2017-04314

*and*

———————————

## NO. 01-17-00206-CV

———————————

**ALLISON E. MARTIN, Appellant**

**V.**

**THE TRAVIS LAW FIRM, P.C., Appellee**

**On Appeal from the 11th District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-04271**

**DISSENTING OPINION**

I concur in the portion of the judgment of this Court affirming the trial courts'

denial of the motions to dismiss of appellants, Terri Porter-Garcia and Allison E.

Martin,[1] regarding the breach-of-contract claims asserted against them by the

appellee in each case, the Travis Law Firm, P.C. (the "Law Firm"). However, I

respectfully dissent from the portion of the judgment of this Court reversing the trial

courts' orders denying the motions of Porter-Garcia and Martin to dismiss, pursuant

to the Texas Citizen Participation Act ("TCPA"), also known as the "anti-SLAPP"

statute, the Law Firm's claims against them for fraud and violations of the Texas

Theft Liability Act. Given its specific language and expressly stated purpose to

protect only the *constitutional rights* of free speech, to petition, and of association,

---

[1]     The majority opinion combines its disposition of *Terri Porter-Garcia v. The Travis Law Firm, P.C.*, No. 01-17-00203-CV and *Allison E. Martin v. The Travis Law Firm, P.C.*, No. 01-17-00206-CV, on the grounds that the facts and issues are substantially similar in each appeal.

the TCPA does not apply to any of the claims at issue.  *See* TEX. CIV. PRAC. & REM.

CODE ANN. §§ 27.001–.011 (Vernon 2015).

Under Chapter 27 of the Texas Civil Practice and Remedies Code, which is entitled "Actions Involving the Exercise of Certain Constitutional Rights," a party may file a motion to dismiss a legal action that is "based on, relates to, or is in response to [the] party's exercise of the *right* of free speech, *right* to petition, or *right* of association."  *Id.* § 27.003(a) (emphasis added).  After a hearing on the motion, a trial court must dismiss the action if the moving party "shows by a preponderance of the evidence" that the legal action is "based on, relates to, or is in response to *the party's exercise* of:

    (1) the *right* of free speech;

    (2) the *right* to petition; or

    (3) the *right* of association."

*Id.* § 27.005(b) (emphasis added).

In the TCPA itself, the legislature expressly stated its purpose:

> The purpose of this chapter is to *encourage and safeguard the constitutional rights of persons* to petition, speak freely, associate freely, *and otherwise participate in government* to the maximum extent permitted by law *and, at the same time,* protect the rights of a person to file meritorious lawsuits for demonstrable injury.

*Id.* § 27.002 (emphasis added). Thus, the TCPA serves to encourage and protect only the "constitutional rights" of "free speech," to "petition," and of "association." *See* U.S. CONST. amend I; *see also* TEX. CONST. art. I, §§ 8, 27.

Moreover, by including the phrase "otherwise participate in government" in section 27.002, the legislature intended to protect only constitutionally protected freedoms that rise to such a level that they can be considered participation in government. Indeed, in his statement of intent, the sponsor of the TCPA explained:

> *Citizen participation is the heart of our democracy.* Whether petitioning the government, writing a traditional news article, or commenting on the quality of a business, involvement of citizens in the exchange of idea[s] benefits our society.
>
> Yet frivolous lawsuits *aimed at silencing those involved in these activities are becoming more common, and are a threat to the growth of our democracy.* The Internet age has created a more permanent and searchable record of *public participation* as *citizen participation* in democracy grows through self-publishing, citizen journalism, and other forms of speech. Unfortunately, abuses of the legal system, *aimed at silencing these citizens,* have also grown. *These lawsuits are called Strategic Lawsuits Against Public Participation or "SLA[P]P" suits.*
>
> Twenty-seven states and the District of Columbia have passed similar acts, most commonly known as either "Anti-SLAPP" laws or "Citizen Participation Acts" that allow defendants in such cases to dismiss cases earlier than would otherwise be possible, thus limiting the costs and fees. The Texas Citizen Participation Act would allow defendants— who are sued as a result of exercising their right to free speech or their right to petition the government—to file a motion to dismiss the suit, at which point the plaintiff would be required to show by clear and specific evidence that he had a genuine case for each essential element of the claim. In addition, if the motion to dismiss is granted, the plaintiff who has wrongly brought the lawsuit may be required to pay attorney's fees of the defendant.

> C.S.H.B. 2973 amends current law relating to *encouraging public participation by citizens by protecting a person's right to petition, right of free speech, and right of association from meritless lawsuits arising from actions taken in furtherance of those rights*.

S. Comm. on State Affairs, Bill Analysis, Tex. H.B. 2973, 82nd Leg., R.S. (2011) (emphasis added). Thus, the broader purpose of the Texas *Citizen Participation* Act is to stop such Strategic Lawsuits Against *Public Participation*.

Here, the complained-of acts of Porter-Garcia and Martin, in regard to their alleged breaches of contract, fraud, and violations of the Texas Theft Liability Act, do not concern their constitutional rights to petition, speak freely, associate freely, "and otherwise participate in government," i.e., their constitutional rights to engage in citizen or public participation. And the Law Firm's claims for breach of contract, fraud, and violations of the Texas Theft Liability Act cannot in any reasonable sense be read as an attempt to strategically silence them, prevent them from engaging in citizen or public participation, prevent them from associating for such purposes, or in any other way infringe upon their constitutional rights.

Porter-Garcia and Martin admit that the Law Firm's "petition for judicial determination of a wage claim is permitted by the Texas Labor Code" and not barred by the TCPA. Regardless, they argue that the Law Firm's claims for breach of contract, fraud, and violations of the Texas Theft Liability Act are "retaliatory" and "constitute a strategic lawsuit against public participation." Specifically,

5

Porter-Garcia and Martin argue that their "wage claim[s] to the TWC w[ere] an exercise of [their] right to petition" and the Law Firm's "subsequent suit[s] against [them]" violate the TCPA because they were "based on, relates to, or [are] in response" to their exercise of the right to petition.

In the TCPA, the legislature does define "[e]xercise of the right to petition" broadly as any of the following:

(A)  A communication in or pertaining to:

(i)  a judicial proceeding;

(ii)  an official proceeding, other than a judicial proceeding, to administer the law;

(iii)  an executive or other proceeding before a department of the state or federal government or a subdivision of the state or federal government;

(iv)  a legislative proceeding, including a proceeding of a legislative committee;

(v)  a proceeding before an entity that requires by rule that public notice be given before proceedings of that entity;

(vi)  a proceeding in or before a managing board of an educational or eleemosynary institution supported directly or indirectly from public revenue;

(vii)  a proceeding of the governing body of any political subdivision of this state;

(viii)  a report of or debate and statements made in a proceeding described by Subparagraph (iii), (iv), (v), or (vii); or

6

(ix)     a public meeting dealing with a public purpose, including statements and discussions at the meeting or other matters of public concern occurring at the meeting;

(B)     a communication in connection with an issue under consideration or review by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding;

(C)     a communication that is reasonably likely to encourage consideration or review of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding;

(D)     a communication reasonably likely to enlist public participation in an effort to effect consideration of an issue by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding; and

(E)     any other communication that falls within the protection of the right to petition government under the Constitution of the United States or the constitution of this state.

TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(4).  Standing alone, this awkward definition does appear to include communications that are not constitutionally protected and do not concern citizen or public participation. However, we cannot read section 27.001(4) in isolation.  The TCPA necessarily contemplates that any communication, as discussed in section 27.001(4), must involve constitutionally protected rights and citizen or public participation.

When construing a statute, our objective is to determine and give effect to legislative intent.  *See Nat'l Liab. & Fire Ins. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000).  Although the "plain meaning of the text is the best expression of legislative

7

intent," this is not true when "a different meaning is apparent from the context or the plain meaning leads to absurd or nonsensical results." *Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011). And we "must not interpret the statute in a manner that renders any part of the statute meaningless or superfluous." *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008).

Reading the TCPA in its entirety, the broad definition of "exercise of the right to petition" is necessarily restricted by the expressly stated purpose of the TCPA "to encourage and safeguard the *constitutional rights* of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent *permitted by law*." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002 (emphasis added). Although citizens most certainly do have a First Amendment right to petition the government for redress of grievances, there is no constitutional right to file a claim against a private employer for unpaid wages with the Texas Workforce Commission, which is a statutory scheme providing for a tribunal to hear disputed wage claims by employees. *See generally* TEX. LAB. CODE ANN. §§ 61.001–.095 (Vernon 2015 & Supp. 2017). Importantly, the legislature expressly included within the stated purpose of the TCPA its intent to, "at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE § 27.002.

8

Construing the definition of "exercise of the right to petition" in section 27.001(4) in isolation, without any regard for the legislature's expressly-stated purpose of the TCPA in section 27.002 to protect "constitutional rights," would certainly lead to absurd results. Such a reading would serve to actually thwart any meritorious lawsuit for a demonstrable injury in which a governmental official or agency was ever involved in a dispute between two parties where a defendant claims that a lawsuit is filed in retaliation to a "petition" of some sort with the government. A defendant could, at the very least, add unnecessary delay and expense to a plaintiff's lawsuit, no matter how meritorious, by simply asserting that, in committing her complained-of acts, she was exercising her right to petition. This is too clever by half.

To the extent that the definition of "exercise of the right to petition" in section 27.001(4) can possibly be read as including communications not constitutionally protected, and, thus, be used by litigants to add expense and unnecessary delay to meritorious litigation, especially via interlocutory appeal, the legislature should revise the definition to include qualifying language, repeating in the definition its stated purpose of the TCPA to protect and encourage the use of "constitutional rights." Although not necessary, such a change would serve to further "protect the rights of a person to file meritorious lawsuits for demonstrable injury" from those who would otherwise abuse the Texas *Citizen Participation* Act and use it to

9

unreasonably delay and add expense to claims for injuries resulting from their private, civil wrongs.

## Conclusion

Like the majority, I would hold that the trial courts did not err in denying Porter-Garcia and Martin's motions to dismiss the Law Firm's breach-of-contract claims against them. However, because the TCPA does not apply to these claims at all, I concur in this court's judgment in regard to the breach-of-contract claims asserted by the Law Firm against Porter-Garcia and Martin. Unlike the majority, I would hold that the trial courts did not err in denying Porter-Garcia and Martin's motions to dismiss the Law Firm's claims against them for fraud and violations of the Texas Theft Liability Act because the TCPA does not apply to these claims as well. Accordingly, I respectfully dissent from the judgment of this court in regard to these claims.

Terry Jennings
Justice

Panel consists of Justices Jennings, Massengale, and Caughey.
Jennings, J., dissenting.