Reversed and Remanded and Opinion
filed March 17, 2011.

In
The

Fourteenth
Court of Appeals



NO. 14-10-00004-CV



Stephanie M., Appellant 

v.

Coptic Orthodox
PATRIARCHATE Diocese of the Southern United States, 
St. Mark Coptic Orthodox Church, and 
st. mary coptic orthodox church, Appellees 



On Appeal from
the 270th District Court

Harris County, Texas

Trial Court
Cause No. 2008-52382



 

OPINION

In an issue of first impression, appellant, Stephanie
M., asks this court to determine whether the five-year statute of limitations
applicable to personal injuries arising as a result of sexual assault extends
to parties whose alleged negligence was a proximate cause of the conduct that
caused her injuries.  The trial court concluded that the extended period of
limitations did not apply to those defendants whose alleged negligence
proximately caused Stephanie M.’s injuries.  We disagree and reverse and remand
for further proceedings.

BACKGROUND

On August 29, 2008, Stephanie M. filed this lawsuit.
In her live petition she asserted claims against  Coptic Orthodox Patriarchate
Diocese of the Southern United States, St. Mark Coptic Orthodox Church, St.
Mary Coptic Orthodox Church, and Isaac Sullivan a/k/a Ishak Soliman.  In her
live pleading, Stephanie M. alleged that Isaac Sullivan sexually assaulted her
from 1999 to 2001, when she was between the ages of thirteen and fifteen.  She
further alleged that the Diocese and Church defendants were negligent by (a) failing
to have appropriate policies, procedures, and standards in place to prevent
priests from sexually abusing children; (b) failing to properly supervise
Sullivan; and (c) allowing Sullivan to have unsupervised access to Stephanie
M.  The Diocese and Church defendants answered with a general denial; the
Church defendants also asserted the affirmative defense of limitations.[1]  

In June 2009, the Diocese and Church defendants filed
a motion for summary judgment based on limitations.  In their motion, the
Diocese and Church defendants argued that, because Stephanie M. had alleged
only negligence causes of action against them—specifically, negligent
supervision of Isaac Sullivan and negligent failure to institute policies
designed to prevent sexual abuse by its clergy—the two-year statute of
limitations for negligence causes of action barred her claims against them.[2]  They
asserted that the five-year statute of limitations applicable to personal
injury claims arising as a result of sexual assault applies only to suits
against the perpetrator of the sexual assault, not to suits against
third-parties who are alleged to have negligently supervised the perpetrator or
negligently failed to institute policies and procedures designed to prevent
such behavior.  Stephanie M. responded to the summary-judgment motion,
asserting that the five-year statute of limitations applied to both the
perpetrator and “to other defendants potentially liable to a plaintiff for the
same injuries, such as defendants whose negligence or gross negligence allowed
the abuse to occur, or defendants vicariously liable for the perpetrator’s
actions.”  

After various responses and replies were filed, the
trial court granted the Diocese and Church defendants’ summary-judgment
motion.  Stephanie M. non-suited her claim against Sullivan, rendering the
interlocutory summary judgment final.  This appeal timely ensued thereafter.

ANALYSIS

In a single issue of first impression, Stephanie M.
asks this Court to determine whether Section 16.0045 of the Texas Civil
Practice & Remedies Code—the Texas statute of limitations for filing civil
suits in sexual assault cases—should be construed to apply to claims against
defendants who did not physically assault the plaintiff but whose negligence
proximately caused the sexual assault.

A.        Standard of
Review

We review a trial court’s summary judgment de novo. 
Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  In
reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant, indulging every reasonable inference, and we resolve any doubts in
the nonmovant’s favor.  Nixon v. Mr. Prop. Management Co., 690 S.W.2d
546, 549 (Tex. 1985).  Where, as here, the trial court grants the judgment without
specifying the grounds, we affirm the summary judgment if any of the grounds
presented is meritorious.  FM Props. Operating Co. v. City of Austin, 22
S.W.3d 868, 872B73
(Tex. 2000).

We likewise review issues involving statutory
construction under a de novo standard.  See Bragg v. Edwards Aquifer
Auth., 71 S.W.3d 729, 734 (Tex. 2002).  In construing statutory provisions,
our objective is to determine and give effect to the legislature’s intent.  Nat’l
Liab. & Fire Ins. Co. v. Allen, 15 S.W.3d 525, 527 (Tex. 2000). We
assume that the legislature said what it meant; therefore, its words should be
the surest guide to its intent.  Segal v. Emmes Capital, L.L.C., 155
S.W.3d 267, 286 (Tex. App.—Houston [1st Dist.] 2004, pet. dism’d).  If the
meaning of the statutory language is unambiguous, we will adopt the
interpretation supported by the plain meaning of the provision’s words.  St.
Luke’s Episcopal Hosp. v. Agbor, 952 S.W.2d 503, 505 (Tex. 1997). We must
not engage in forced or strained construction; instead we yield to the plain
sense of the words the legislature chose.  See id.  With these standards
in mind, we turn to construction of the statute at issue here.

B.        Construction of
Texas Civil Practice & Remedies Section 16.0045

We begin our analysis by looking at the language of
the statute.  Section 16.0045 of the Texas Civil Practice & Remedies Code
provides in pertinent part:

(a)       A
person must bring suit for personal injury not later than five years after the
day the cause of action accrues if the injury arises as a result of conduct
that violates:

(1)       Section
22.011, Penal Code (sexual assault); 

(2)       Section
22.021, Penal Code (aggravated sexual assault); or 

(3)       Section
21.02, Penal Code (continuous sexual abuse of young child or children).

Tex. Civ. Prac. & Rem. Code Ann. § 16.0045(a) (West Supp. 2009).[3]

            The introductory phrase in this statute, “A person must bring
suit,” is used throughout Chapter 16 of the Civil Practice & Remedies
Code.  See, e.g., Tex. Civ. Prac. & Rem. Code § § 16.004,
16.007, 16.008, 16.010.  This language is not given a different meaning in
section 16.0045.  Different parts of the Civil Practice & Remedies Code
provide the limitations period for specific causes of action.  See, e.g.,
id. § 16.004 (“A person must bring suit on the following actions not
later than four years after the day the cause of action accrues:  (1) specific
performance of a contract for the conveyance of real properly; (2) penalty or
damages on the penal clause of a bond to convey real property; (3) debt; (4)
fraud; or (5) breach of fiduciary duty.”).  

Focusing on the second portion of subsection (a), the
Diocese and Church defendants/appellees argue that the extension of the statute
of limitations applies only to suits against the person or persons whose
conduct violates the Penal Code.  But section 16.0045(a) applies to a “suit for
personal injury,” which includes claims for negligence.  There is no language
restricting this particular limitations statute to certain types of personal-injury
claims; hence, there is nothing in the statute to indicate that the legislature
intended to limit this provision to causes of action against only the
perpetrators of sexual assault.  Part (c) of section 16.0045 permits a
plaintiff to designate unknown persons as defendants in a civil suit based on
childhood sexual abuse.  Id.§ 16.0045(c).  Subsection (a) amends the
default limitations provision provided in section 16.003 to extend the
limitations period from two to five years.  Compare id. § 16.0045(a) (expanding
limitations period to five years for victims of various types of sexual
assault), with id.§ 16.003 (“Except as provided by Sections
16.010, 16.0031, and 16.0045, a person must bring suit for trespass for injury
to the estate or to the property of another, conversion of personal property,
taking or detaining the personal property of another, personal injury, forcible
entry and detainer, and forcible detainer not later than two years after the
day the cause of action accrues.”).  Taken together, the provisions of section
16.0045 unambiguously show a legislative intent to provide victims of sexual
assault, aggravated sexual assault, and continuous sexual abuse of young
children more time to seek damages for their injuries.

The Diocese and Church defendants/appellees further
argue that Stephanie M.’s negligence claims did not “arise from” an intentional
tort, citing Delaney v. University of Houston, 835 S.W.2d 56 (Tex. 1992). 
In Delaney, a University of Houston student was raped in her dormitory
room.  Id. at 57.  She sued the University for, inter alia, its
negligence in failing to repair a damaged dormitory door.  Id.  The
Texas Supreme Court concluded that Delaney’s claims did not “arise out of” the
intentional tort committed by the rapist and therefore did not fall within the
scope of section 101.057(2) of the Texas Tort Claims Act.  Id. at
59–60.  However, the Delaney Court reiterated its holding in Nixon v.
Mr. Property Management Co., 690 S.W.2d 546, 550 (Tex.1985), that intentional
conduct intervening between a negligent act and the result does not always
vitiate liability for the negligence.  Delaney, 835 S.W.2d at 60. 
Indeed, the Delaney Court explained the language “arising out of” or
“arising from” contemplates that a nexus must exist between the claim and the
injury, which the court concluded did not exist in the Delaney case.  Id.
at 59.  

Here Stephanie M.’s allegations of negligence are not
independent from her claim of intentional conduct by Sullivan.  Indeed, should
Stephanie M. be unable to establish that Sullivan sexually assaulted her, she
would likewise be unable to establish any negligence on the part of the Diocese
and Church defendants/appellees.  Further, Stephanie M. specifically alleged
that the Diocese and Church defendants/appellees were negligent by (a) failing
to have appropriate policies, procedures and standards in place to prevent
priests from sexually abusing children; (b) failing to properly supervise
Sullivan; and (c) allowing Sullivan to have unsupervised access to Stephanie
M.  Although an intervening criminal action between a negligent act and a
result generally abrogates third-party liability for negligence, it does not
automatically vitiate the negligence cause of action, if the negligent actor
should have realized that such a situation might be created, and that a third
person might avail himself of the opportunity to commit such a crime. This is
precisely the type of negligence claim asserted by Stephanie M. against the
Diocese and Church defendants/appellees.  Tex. Youth Comm’n v. Ryan, 889
S.W.3d 340, 343 (Tex. App.—Houston [14th Dist.] no pet.).

We conclude that Stephanie M.’s personal injury
claims against the Diocese and Church defendants/appellees arise from the
alleged intentional conduct of Sullivan.  Because her personal injury claims
arise from Sullivan’s alleged sexual assault, we further conclude that the
five-year statute of limitations provided by section 16.0045(a) of the Texas
Civil Practice & Remedies Code operated to extend her time to file suit
against the Diocese and Church defendants/appellees.

This conclusion is buttressed by persuasive authority
from a Texas federal district court.  In a 2006 unpublished memorandum and
order, United States District Court Judge Lee Rosenthal made an Erie
guess[4] as
to how the Texas Supreme Court would analyze and interpret this particular
statutory provision.  See Doe I v. Roman Catholic Diocese of
Galveston-Houston, No. H-05-1047 (S.D. Tex. Mar. 27, 2006) (order denying
in part and granting in part defendant’s motion to dismiss and granting
plaintiffs’ motions for leave to amend and supplement).  In this memorandum and
order, Judge Rosenthal contemplated the plain meaning of the statutory
language, compared the Texas statute to various other states’ statutory
provisions with a similar purpose—i.e., extending the statute of
limitations for civil cases involving sexual assault, and discussed the
legislative history of the statute.  See id.  After a thorough review of
these factors, Judge Rosenthal explained:  

This court concludes that if presented with the question,
the Texas Supreme Court would join the majority of state courts considering
similar statutes and hold that the limitations period of Section 16.0045
applies to claims against nonperpetrators of sexual abuse as well as to claims
against alleged perpetrators.  The plaintiffs claim that the Archdiocese
Defendants negligently allowed [a seminarian training to become a priest] to
commit the alleged abuse . . . and to continue, even though they knew, or
should have known, of his proclivities.  Because the plaintiffs can take
advantage of Section 16.0045, the Archdiocese Defendants’ motion to dismiss
these claims on the basis of statute of limitations is denied.

Id.[5] 
The rationale behind Judge Rosenthal’s Erie guess is sound.  More
importantly, as explained above, the plain language of the statute supports her
conclusion.[6] 


            For the foregoing
reasons, we reverse the trial court’s summary judgment in favor of the Church
and Diocese defendants/appellees.  We remand this cause to the trial court for
proceedings consistent with this opinion.

 

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

Panel consists of Chief Justice Hedges and Justices Frost and Christopher.

 









[1]
Although the Diocese did not assert this affirmative defense in its answer,
this issue was tried by consent in the summary-judgment motion filed by all
three defendants because Stephanie M. failed to object to this ground in her
response to the motion.  See Roark v. Stallworth Oil & Gas, Inc.,
813 S.W.2d 492, 494–95 (Tex. 1991).  





[2]
The parties agree that any statute of limitations applicable to Stephanie M.’s
causes of action did not begin to run until she reached the age of eighteen on
November 24, 2004.  See Tex. Civ. Prac. & Rem. Code Ann. § 16.001
(West 2002).





[3]
This third provision, referring to Section 21.02 of the Penal Code, was added
by the Legislature subsequent to the filing of Stephanie M.’s suit.  See
Act of May 27, 1995, 74th Leg. R.S., ch. 739, § 1, 1995 Tex. Gen. Laws 3850,
3850 (amended 2007) (current version at Tex. Civ. Prac. & Rem. Code §
16.0045(a) (West. Supp. 2009).  Because this change does not impact this case,
for ease of reference we will refer to the current enactment of this statute.





[4]
Erie R.R. Co. v. Tompkins, 304 US. 64 (1938).  When no state court has provided
guidance, a federal court must attempt to predict state law, without creating
or modifying it.  See Assoc. Int’l Ins. Co. v. Blythe, 286 F.3d 780, 783
(5th Cir. 2002). 





[5]
Judge Rosenthal recently reaffirmed her conclusion that this five-year statute
of limitations may apply in cases involving negligence.  See Doe v. Catholic
Soc’y of Religious & Literary Educ., No. H-09-1059, 2010 WL 345926, at
*16 (S.D. Tex. Jan. 22, 2010) (citing Doe I and stating that “five-year
limitations period may apply to other claims as well, particularly the
direct liability claims that the defendants’ negligence allowed the alleged
abuse to occur” (emphasis added)).





[6]
Because we conclude the plain language of the statute supports our conclusion,
we do not engage in further analysis applying other statutory interpretation
factors.  We note, however, that Judge Rosenthal’s memorandum and order
provides further support beyond the plain language of the statute for
concluding that section 16.0045(a) may apply to claims against nonperpetrators
as well as claims against perpetrators of sexual assault, including a thorough
analysis of various courts’ interpretations of similar limitations statutes in
other states, comparison of the language of the Texas statute to the language
of similar statutes of limitations in other states, and discussion of the
legislative history behind the establishment of this statute.  See Doe I,
No. H-05-1047.