Affirmed and Memorandum Opinion filed August 23, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00725-CV

___________________

 

D.O.H., Appellant

 

V.

 

Texas Department of Family and Protective
Services, Appellee



 



 

On
Appeal from the 314th District Court

Harris County,
Texas



Trial Court Cause No. 2008-06739J

 



 

 

MEMORANDUM OPINION

Appellant D.O.H. appeals the involuntary termination
of his parental rights to C.D.H., a minor.  We affirm.

FACTUAL
AND PROCEDURAL BACKGROUND

C.D.H. tested positive for cocaine at birth.  As a
result, C.D.H. was removed into the care of the Texas Department of Family and Protective
Services (“TDFS”) before he was released from the hospital.  The child has
remained in TDFS custody since shortly after his birth; he is now approximately
two and a half years old.  He lives with a foster family that intends to adopt
him if appellant’s parental rights are terminated.  Appellant never had
physical custody of C.D.H.

Appellant and C.D.H.’s mother, M.B., lived together
for a period of time, including when M.B. was pregnant with C.D.H.  Appellant
testified he learned M.B. used drugs after they began cohabitating, but he
discouraged her from using controlled substances.  He explained that she was
not allowed to do drugs in his home and never did drugs in his presence.  M.B.
testified appellant never did drugs with her, and did not allow her to do drugs
at home.  M.B.’s parental rights were involuntarily terminated by the trial
court; she is not a party to this appeal.

A paternity test confirmed appellant is the natural
father of C.D.H. After C.D.H. was born, TDFS created a Family Service Plan for
appellant.  A Family Service Plan is designed to help a parent: (1) accept
responsibility for the reasons the child was placed in TDFS’s custody; and, (2)
demonstrate parenting skills.  Appellant completed all classes and therapy
sessions in the Family Service Plan, including a drug treatment program. 
Nonetheless, Katara Butler, TDFS program director, testified appellant was not
a fit parent because he tested positive for cocaine use after he completed a
drug treatment program.  

Appellant was tested for drug use on four occasions: 
August 26, 2008, February 5, 2009, September 9, 2009, and December 12, 2009. 
Each test utilized a hair follicle.  The first and third tests were conducted
on a chest hair sample, the February 5, 2009 test used a pubic hair, and the
final test was on appellant’s head hair because “he shaved everywhere else.” 
All tests indicated appellant had consumed cocaine in the prior three to six
months.  Appellant contends the drug tests were improperly admitted as evidence
over his objections.

I.                  
TDFS Burden

The involuntary termination of parental rights
implicates fundamental constitutional rights.  Holick v. Smith, 685 S.W.2d
18, 20 (Tex. 1985).  Before parental rights may be terminated, the petitioner
must establish by clear and convincing evidence that: (1) the parent has
committed one or more of the statutory acts or omissions in Section 161.001(1)
of the Family Code; and, (2) termination is in the best interest of the child. 
Tex. Fam. Code Ann. § 161.001 (West 2010); See In re J.P.B., 180 S.W.3d
570, 572 (Tex. 2005).  “‘Clear and convincing evidence’ means the measure or
degree of proof that will produce in the mind of the trier of fact a firm
belief or conviction as to the truth of the allegations sought to be established.” 
Tex. Fam. Code Ann. § 101.007 (West 2010).  

II.              
Were the Drug Tests Improperly Admitted Over a Daubert/Robinson
Challenge?

Appellant argues the drug tests showing he tested
positive for cocaine were improperly admitted because: (1) “there was no
competent evidence to establish that the underlying scientific theory is
valid”; (2) there is no evidence the technique applying the theory is valid; and
(3) there is no evidence that the technique was properly applied in this case. 
Appellee urges, inter alia, that any error the trial court may have
committed is harmless as the drugs tests are cumulative of other evidence about
the drug test results.

Texas Rules of Evidence allow an expert to testify if
three criteria are met:  (1) the witness is qualified as an expert; (2) the
evidence is “scientific . . . knowledge”; and, (3) the testimony will “assist
the trier of fact to understand the evidence or to determine a fact in issue.” 
Tex. R. Evid. 702; E.I. du Pont de Nemours and Co., Inc. v. Robinson, 923
S.W.2d 549, 556 (Tex. 1995).   We construe appellant’s three objections as
challenges to the second prong, whether the test results were properly admitted
as “scientific knowledge.”  

Appellant also argues that admission of the test
results under the business records exception to the hearsay rule was error. 
Tex. R. Evid. 803(6).

A.    Standard
of Review

When reviewing a trial court’s decision to admit
evidence, we utilize an abuse of discretion standard.  See In re J.F.C.,
96 S.W.3d 256, 285 (Tex. 2002); Nat’l Liability and Fire Ins. Co. v. Allen, 15
S.W.3d 525, 527-28 (Tex. 2000).  A trial court abuses its discretion when it
rules without regard for any guiding rules or principles.  Owens-Corning
Fiberglass Corp v. Malone, 972 S.W.2s 35, 43 (Tex. 1998).  We must uphold a
trial court’s evidentiary ruling if there is any legitimate basis for the
ruling.  Id.

B.      Analysis

We conclude it is unnecessary to decide the issues
appellant raised regarding admission of drug test results because other
evidence showing appellant used drugs is available in the record.  “The general
rule is error in the admission of testimony is deemed harmless and is waived if
the objecting party subsequently permits the same or similar evidence to be
introduced without objection.”  Volkswagen of America, Inc. v. Ramirez, 159
S.W.3d 897, 907 (Tex. 2004) (citing Richardson v. Green, 677 S.W.2d 497,
501 (Tex. 1984)).  

The other evidence came from the testimony of Katara
Butler.  Butler explained C.D.H. was assigned to a program she supervised. 
Within her testimony, she responded in the affirmative to several questions
about appellant’s drug abuse.  These included: 

·       
“You’ve seen the drug test.  You’ve heard the testimony about
dad’s drug test . . . [which] shows to you a continuous use of cocaine
throughout the pendency of this case.”

·       
“[B]ased on the information from all those drug tests and dad’s
own admissions, he’s been doing cocaine for a long time, hasn’t he?”

·       
“[Appellant] continued to test positive in his hair follicles
[for cocaine?]”  

·       
“[Appellant] tested positive after completing [a drug abuse
treatment] program?”

The content of the testimony is cumulative of the
drug test results appellant argues were inappropriately admitted.  Both
Butler’s testimony and the drug test results indicate appellant used cocaine
during the period C.D.H. has been in TDFS custody.  Appellant failed to ask for
a running objection or to object to any of the questions Butler answered. 
Consequently, we conclude that if the trial court made any error by determining
the drug test results were admissible, the error is harmless because Butler’s
testimony was admitted without objection.  Id.  Thus, we overrule
appellant’s first point of error. 

III.           
Legal and Factual Sufficiency of Findings of Cause to Terminate
Appellant’s Parent-Child Relationship with C.D.H.

A parent-child relationship may be involuntarily
terminated if the trial court finds that (1) a parent violated any subsection
of Section 161.001(1) of the Texas Family Code; and, (2) termination is in the
best interests of the child.  Tex. Fam. Code Ann. § 161.001 (West 2010).  The
trial court found appellant violated five provisions of Section 161.001(1) of
the Texas Family Code and termination of appellant’s parental rights was in the
best interests of C.D.H.  Id.   Appellant argues there is legally or
factually insufficient evidence to support the trial court’s findings on any of
the five subsections of Section 161.001(1) or that termination was in the best
interests of C.D.H.  Id.

A.     Standard
of Review

When reviewing the evidence for legal sufficiency in
parental termination cases, we must determine whether the evidence is such that
a factfinder could reasonably form a firm belief or conviction that the grounds
for termination were proven.  In re J.P.B., 180 S.W.3d 570, 573 (Tex.
2005).  We review all evidence in the light most favorable to the finding and
judgment.  Id.  All evidentiary disputes are resolved in favor of the
factfinder’s findings and judgment if a reasonable factfinder could do so
because the factfinder is the sole judge of witness credibility.  Id. 
We do, however, consider undisputed evidence if it is contrary to the finding. 
Id.  

When reviewing the evidence for factual sufficiency,
we give deference to the trial court’s findings.  In re H.R.M., 209
S.W.3d 105, 108 (Tex. 2006).  We must determine whether a factfinder could
reasonably form a firm conviction or belief that that the parent violated
Section 161.001 of the Texas Family Code.  Tex. Fam. Code Ann. § 161.001, In
re C.H., 89 S.W.3d 17, 28 (Tex. 2002).  If a reasonable factfinder could
not have formed a firm conviction or belief in light of the evidence in the
entire record, the evidence is factually insufficient.  In re H.R.M.,
209 S.W.3d at 108.

B.     Sections
161.001(1)(N) — Constructive Abandonment of the Child

A trial court may terminate parental rights if the
parent “constructively abandoned the child” while in DFPS care for at least six
months.  Tex. Fam. Code § 161.001(1)(N).  There are three elements DFPS must
show to prove constructive abandonment: (1) the department made reasonable
efforts to return the child to the parent; (2) the parent has not regularly
visited or maintained regular contact with the child; and, (3) the parent has
demonstrated an inability to provide the child with a safe environment.  Id.

Katara Butler testified that appellant has not seen
C.D.H. since August 2008, which she stated was a failure to maintain
significant contact with him.  Butler explained the reason appellant has not
had contact with his child is because the trial court ordered there could be no
visitation until the parents tested negative for cocaine.  According to the
clerk’s record, the trial court entered an order on September 3, 2009 stating
“the father is allowed to begin visitation if the results of his drug test
taken today is negative.”  Butler also concluded that a parent using cocaine
could not create a safe environment for a child because the parent: (1) risks
going to jail for his illegal activity; and, (2) may be too intoxicated to care
for the child.  

Appellant acknowledged that the last time he held
C.D.H. was “two weeks after he was born.”  Appellant stated he had not used
drugs in the past thirteen to fifteen years and testified he had the ability to
meet C.D.H.’s physical and emotional needs.  

Under a legal sufficiency review, we consider whether
a factfinder could have formed a reasonable conviction or belief that the
statutory requirements have been met.  In re J.P.B., 180 S.W.3d at 573. 
We consider the evidence in the light most favorable to the verdict.  Id. 
The trial court could have concluded the department made reasonable efforts to
allow visitation by creating and helping appellant complete a Family Service
Plan, enrolling appellant in drug counseling, and making visitation contingent
only upon a negative drug test.  Appellant did not challenge the statement that
he had not seen his child in almost two years, longer than the statutory six
months of no contact.  The trial court could have also concluded Butler’s
testimony that a parent using drugs could not create a safe environment for a
child.  Consequently, we overrule appellant’s legal sufficiency challenge to
the evidence.

In a factual sufficiency challenge, we consider whether
a fact finder could have formed a reasonable and firm conviction or belief that
a parent committed the acts contemplated under the statute based upon all the
evidence in the record.  In re H.R.M., 209 S.W.3d at 108; In re C.H.,
89 S.W.3d at 28.  We give deference to the trial court’s findings.  In
re H.R.M., 209 S.W.3d at 108.  When considering the whole record, we
determine that Butler’s testimony is factually sufficient for a fact finder to
form a reasonable belief that appellant constructively abandoned C.D.H. for the
reasons stated above.  We overrule appellant’s factual sufficiency challenge to
Section 161.001(1)(N).  Tex. Fam. Code Ann. § 161.001(1)(N).

Appellant has argued there is insufficient evidence that
appellant committed acts under Sections 161.001(1)(D), (E), (O) and (P)
justifying the termination of his parental rights.  Id. at §161.001(1). 
We have concluded that the trial court properly found TDFS met its burden to
show by clear and convincing evidence that appellant constructively abandoned
C.D.H.  Id. at § 161.001(1)(N).  Any single violation of Section
161.001(1) is sufficient grounds to involuntarily terminate a parent’s rights
to his child if it is also proven that termination is in the child’s best
interests.  Id. at § 161.001.  Consequently, it is unnecessary for this
court to consider the remainder of appellant’s challenges to Section
161.001(1).  Id. at §161.001(1); Tex. R. App. P. 47.1.

C.    Termination
of Appellant’s Parental Rights Is in the Best Interest of C.D.H.

Appellant challenges the legal and factual
sufficiency of the trial court’s finding that termination of appellant’s
parental rights is in the best interests of C.D.H.  

Evidence at trial showed appellant used cocaine after
C.D.H’s birth.  As discussed above, Butler testified that a parent who used
cocaine could not provide a safe environment for a child.  All parties agree
that as of the date of trial, appellant had not seen the child for nearly two
years.  Butler stated that C.D.H. has been living in the same foster home since
July 2009 and he is developmentally “on target.”  She explained that the child
was receiving “all of the physical and emotional care that he needs” in the
foster home.  Butler and a foster parent also testified that the foster parents
have plans to adopt C.D.H. if appellant’s parental rights are terminated.[1]  As a result,
Butler stated it was in C.D.H.’s best interests to remain in the foster home.

Under a legal sufficiency review, we consider the
evidence in the light most favorable to the trial court’s judgment.  In re
J.P.B., 180 S.W.3d at 573.  The trial court could have reasonably concluded
C.D.H.’s best interests would be served by terminating appellant’s parental
rights.  Id.  Testimony stated appellant used illicit narcotics and had
not had contact with the child in nearly two years.  On the other hand, the
foster parents were providing an appropriate home and would seek to adopt
C.D.H., creating a safe, stable, and healthy environment for the child.  In a
light most favorable to the trial court’s finding, we conclude there is legally
sufficient evidence to support the finding.

In a factual sufficiency review, we review all
evidence in the record to determine whether the factfinder could have formed a
reasonable belief or conviction that it is in the best interests of the child
for appellant’s rights to be terminated.  In re H.R.M., 209 S.W.3d at
108.  Based upon the evidence listed above, we conclude the trial court could
have formed a reasonable conviction that termination of appellant’s rights were
in the best interests of C.D.H.  Considering the evidence as a whole, there is
evidence appellant uses cocaine; as a result, the safety and stability of
C.D.H.’s life is at risk.  The foster parents intend to adopt C.D.H., creating
stability for the child.  Furthermore, Butler testified that the foster parents
are currently meeting all of C.D.H.’s physical and emotional needs.  

We overrule appellant’s legal and factual sufficiency
challenges to the trial court’s finding that it is in the best interests of
C.D.H. to terminate appellant’s parental rights.

CONCLUSION

We have overruled all of appellant’s points of error
and affirm the trial court’s judgment.

                                                

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Justices
Anderson, Seymore, and McCally.

 









[1] The foster parent’s name
was redacted from the trial court record.  He or she was referred to only as
“foster parent.”