# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00579-CV

**Alvy Childress, Appellant**

**v.**

**Travelers Indemnity Company, W&W-AFCO Steel LLC, and Texas Department of Insurance Division of Workers Compensation, Appellees**

### FROM THE 119TH DISTRICT COURT OF TOM GREEN COUNTY
### NO. B210082C, THE HONORABLE BEN WOODWARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Alvy Childress, acting pro se, appeals from the trial court's orders granting a motion to transfer venue from Travis County to Tom Green County and the plea to the jurisdiction of the Texas Department of Insurance, Division of Workers' Compensation (the Division). For the following reasons, we affirm the trial court's order granting the Division's plea to the jurisdiction and dismiss the appeal of the trial court's order transferring venue for lack of appellate jurisdiction.

## BACKGROUND

Based on an alleged work injury, appellant sought but was denied worker's compensation benefits. After a contested case hearing and an adverse administrative determination by an appeals panel, appellant filed suit for judicial review in Travis County against his employer, W&W-AFCO Steel LLC; the workers' compensation insurance carrier,

Travelers Indemnity Company; and the Division. *See* Tex. Lab. Code § 410.251 (authorizing suits for judicial review of appeals panel's final decision). Although appellant filed suit in Travis County, he pleaded that he resided in Tom Green County when he was injured. *See id.* § 410.252(b)(1) (providing that suit for judicial review of appeals panel's final decision must be filed in county where employee resided at time of injury or death). The Division filed an objection to venue in Travis County and an original answer subject to its plea to the jurisdiction. The insurance carrier and employer also filed a motion to transfer venue to Tom Green County, and in February 2021, the trial court signed the order transferring venue to Tom Green County.

After the case was transferred to Tom Green County, the trial court considered the Division's plea to the jurisdiction, which contended that the Division was not a proper party to appellant's suit for judicial review and that it was entitled to sovereign immunity. Following a hearing, the trial court signed the order granting the Division's plea and dismissing appellant's claims against the Division. This interlocutory appeal followed.

## ANALYSIS

**Venue Order**

On April 1, 2022, we informed appellant that it appeared that we lacked jurisdiction over his appeal of the trial court's order transferring venue from Travis County to Tom Green County because the order was not subject to interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code § 51.014 (listing orders that are subject to interlocutory appeal); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192, 195 (Tex. 2001) (explaining that generally appeal may only be taken from final judgment that disposes of all parties and pending claims in record); *see also* Tex. Civ. Prac. & Rem. Code § 15.064(a) (providing that there is no interlocutory appeal from trial court's venue determinations); Tex. R. Civ. P. 87(6) (providing that "[t]here shall be

2

no interlocutory appeals from [a determination on a motion to transfer venue]").  Appellant filed a response to our notice, but he has not demonstrated this Court's jurisdiction over his appeal of the trial court's order transferring venue.[1]  Thus, we dismiss his appeal of that order.[2]

**Order Granting Plea to the Jurisdiction**

Turning to the order granting the Division's plea to the jurisdiction, the Division argues that appellant's notice of appeal was not timely because it was filed more than 20 days after the order granting the Division's plea was signed.  *See* Tex. R. App. P. 26.1(b) (requiring notice of accelerated appeal to be filed within 20 days after order is signed).  The trial court signed the order August 11, and appellant filed his notice of appeal September 1.  Because the notice of appeal was filed within the fifteen-day extension period, we imply and grant a motion to extend the time to file the notice of appeal.  *See id.* R. 26.3 (authorizing appellate court to extend time to file notice of appeal when party files motion to extend and notice of appeal within fifteen days of deadline to file notice of appeal); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (stating that "motion for extension of time is necessarily implied" when appellant acting in

---

[1]  To the extent appellant in his reply brief is seeking to have his notice of appeal construed as an original proceeding seeking mandamus relief "to enforce mandatory venue in Travis County," *see* Tex. Civ. Prac. & Rem. Code § 15.0642 (authorizing party to apply for writ of mandamus with appellate court to enforce mandatory venue provisions of chapter 15), we would deny the original proceeding.  On this record, the trial court did not abuse its discretion by transferring venue when appellant's pleadings established that venue was mandatory in Tom Green County.  *See* Tex. Lab. Code § 410.252(b)(1).

[2]  We also observe that even if the February 2021 order transferring venue were subject to interlocutory appeal, we would not have jurisdiction because appellant's notice of appeal, filed September 1, would not have been timely filed.  *See* Tex. R. App. P. 26.1(b) (requiring notice of accelerated appeal to be filed within 20 days after order is signed).  To the extent that appellant is attempting to bring a restricted appeal of the order, that avenue is not available because interlocutory orders are not subject to restricted appeal.  *See id.* R. 26.1(c), 30 (generally authorizing party who did not participate in hearing that resulted in final judgment and who did not timely file postjudgment motion or request for findings of fact and conclusions of law to file notice of restricted appeal within six months).

3

good faith files bond within fifteen-day period).  Thus, we have jurisdiction to consider the appeal of the trial court's order granting the Division's plea.  *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(8) (authorizing interlocutory appeal of order granting plea to jurisdiction by governmental entity).

In its plea, the Division argued that the trial court lacked jurisdiction over appellant's claims against the Division because the Division was entitled to sovereign immunity and not a proper party to appellant's suit for judicial review from the appeals panel's final decision.  "Sovereign immunity from suit defeats a trial court's subject matter jurisdiction and thus is properly asserted in a plea to the jurisdiction."  *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004); *see Texas Parks & Wildlife Dep't v. Sawyer Tr.*, 354 S.W.3d 384, 388 (Tex. 2011) (explaining that sovereign immunity generally deprives trial court of jurisdiction over lawsuit in which plaintiff has sued State or state agency "unless the Legislature has consented to suit").  Whether subject-matter jurisdiction exists is a question of law that we review de novo.  *Miranda*, 133 S.W.3d at 226.  When a plea to the jurisdiction challenges the pleadings, as is the case here, we construe the pleadings liberally in favor of jurisdiction and look to the pleader's intent to "determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause."  *Id.* (citing *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)).

In his appellate issues, appellant complains about the administrative procedure.[3]  Specifically, he complains that the contested case hearing was held by telephone in a "mandatory

---

[3] We construe appellant's brief liberally, attempting to discern and comprehend his appellate issues as best as we can, but we must hold him to the same standards as appellants represented by counsel.  *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *McKinnon v. Wallin*, No. 03-17-00592-CV, 2018 Tex. App. LEXIS 6349, at *6 (Tex.

4

remote hearing," which procedure was necessary because of the pandemic; and contends that he was prevented from presenting evidence or reviewing or verifying evidence that was presented at the hearing. He also appears to complain about the record of the administrative proceeding and references a complaint with the Equal Employment Opportunity Commission (EEOC), separate proceedings involving a different insurance carrier, and delays in the administrative proceedings and his medical treatment; requests that this Court grant a writ of mandamus and apply a remedy of law under section 410.033, *see* Tex. Lab. Code § 410.033 (addressing when there is dispute as to which of two or more insurance carriers is liable for one or more compensable injuries); and to support the trial court's jurisdiction, cites the Uniform Declaratory Judgments Act (UDJA), *see* Tex. Civ. Prac. & Rem. Code § 37.001–.011, and provisions of the Administrative Procedures Act (APA), including sections 2001.034 and 2001.038, *see* Tex. Gov't Code §§ 2001.034 (addressing emergency rulemaking), .038 (addressing challenges to validity or applicability of rule, including emergency rule adopted under section 2001.034, and requiring state agency to be made party to action).[4]

In the context of a workers' compensation benefits dispute, however, the Labor Code does not provide a claimant with the right to sue the Division. *See* Tex. Lab. Code

---

App.—Austin Aug. 14, 2018, pet. denied) (mem. op.). Further, we do not consider attachments to his briefing that are not part of the appellate record. *See* Tex. R. App. P. 34.1 (describing contents of appellate record); *Copeland v. Fannie Mae*, No. 03-16-00030-CV, 2016 Tex. App. LEXIS 11686, at *3–4 (Tex. App.—Austin Oct. 28, 2016, pet. dism'd) (mem. op.) (explaining that attachments to briefing that are not part of appellate record may not be considered on appeal).

[4] Among his arguments, appellant contends: (i) a "[s]tatutory right to redress is authorized to Challenge, Actions and in-action under the UDJA/APA, requesting a declaration of the scope of an agency's general statutory authority parallel to, and simultaneous with, an APA appeal from a specific agency action or in-action"; (ii) "[t]his case involves an ultra vires claims [sic], parallel rules challenge, conflicting statutory intent concerning, the validity and applicability of an Administrative Agency Rule"; and (iii) "the UDJA and APA Trumps the Appeals."

§ 406.031(a) ("[I]nsurance carrier is liable for compensation for an employee's injury without regard to fault or negligence if . . . ."); *see also Childress v. Texas Mut. Ins*, No. 03-19-00284-CV, 2020 Tex. App. LEXIS 6875, at *10–11 (Tex. App.—Austin Aug. 27, 2020, no pet.) (mem. op.) (describing process for seeking judicial review of appeals panel's decision relating to compensability or eligibility for benefits (citing *National Liab. & Fire Ins. v. Allen*, 15 S.W.3d 525, 528 (Tex. 2000))). The Division is the agency overseeing the workers' compensation system and adjudicating workers' compensation benefit disputes. *See, e.g.*, Tex. Lab. Code §§ 402.001 (designating Texas Department of Insurance as state agency overseeing workers' compensation system in state and establishing division of workers' compensation to administer and operate system), 410.002–.302 (addressing adjudication of disputes).

A party who is seeking judicial review of an appeals panel's final decision must provide a copy of his or her petition to the Division, *see id.* § 410.253(a)(3), and the Division may intervene in the suit, *see id.* § 410.254 (authorizing division to intervene in judicial proceeding under subchapter), but the Labor Code does not contain an express waiver of the Division's immunity.[5] As our sister court has explained, section 410.254 of the Texas Labor Code "does not expressly waive the State's immunity." *Vanderwerff v. Texas Dep't of Ins.-Div. of Workers' Comp.*, No. 05-15-00195-CV, 2015 Tex. App. LEXIS 13032, at *10 (Tex. App.— Dallas Dec. 30, 2015, pet. denied) (mem. op.); *see* Tex. Gov't Code § 311.034 ("[A] statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear

---

[5] Although the Labor Code provides that the Division may voluntarily intervene in a suit for judicial review, intervening does not waive the Division's immunity. *See* Tex. Lab. Code § 410.254; *Vanderwerff v. Texas Dep't of Ins.-Div. of Workers' Comp.*, No. 05-15-00195-CV, 2015 Tex. App. LEXIS 13032, at *10 (Tex. App.—Dallas Dec. 30, 2015, pet. denied) (mem. op.) (concluding that there was no waiver of Division's immunity when Division intervened in suit for judicial review).

and unambiguous language."); *Morales v. Texas Dep't of Ins.-Div. of Workers' Comp.*, No. 03-14-00808-CV, 2017 Tex. App. LEXIS 296, at *3 (Tex. App.—Austin Jan. 13, 2017, no pet.) (mem. op.) (concluding that claims brought against Division in suit for judicial review of appeals panel's final decision were barred by sovereign immunity and affirming trial court's order granting Division's plea to jurisdiction); *Texas Dep't of Ins., Div. of Workers Comp. v. Green*, No. 01-15-00321-CV, 2016 Tex. App. LEXIS 4914, at *13–14 (Tex. App.—Houston [1st Dist.] May 10, 2016, pet. denied) (mem. op.) (reversing trial court's denial of Division's plea to jurisdiction and explaining that Division's intervention in suit for judicial review did not waive its sovereign immunity to plaintiff's claims against it). The "legislature's consent to the State being a plaintiff is not consent to the State's being sued as a defendant." *Vanderwerff*, 2015 Tex. App. LEXIS 13032, at *10.

Appellant also has not cited, and we have not found, authority that would authorize this Court to grant mandamus relief against the Division pursuant to section 410.033. That provision is directed to the commissioner, *see* Tex. Lab. Code § 410.033(a) (authorizing commissioner to issue interlocutory order when there is dispute as to which insurance carrier is liable for compensation), and this Court's jurisdiction to issue writs of mandamus is limited, *see* Tex. Gov't Code § 22.221 (generally providing courts of appeals with authority to issue writs of mandamus to enforce jurisdiction or against judges within court of appeals district). And appellant did not plead facts and has not otherwise demonstrated how the UDJA or the APA waived the Division's immunity from his claims seeking judicial review of the appeals panel's final decision. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 370 (Tex. 2009) (explaining that UDJA is not general waiver of sovereign immunity); *Miranda*, 133 S.W.3d at 226 (explaining that when plea to jurisdiction challenges pleadings, courts determine if pleader has

7

alleged facts that affirmatively demonstrate court's jurisdiction to hear case); *LMV-AL Ventures, LLC v. Texas Dep't of Aging & Disability Servs.*, 520 S.W.3d 113, 122–24 (Tex. App.—Austin 2017, pet. denied) (describing scope of jurisdiction under section 2001.038 of APA); *Morales*, 2017 Tex. App. LEXIS 296, at 5–8 (concluding that UDJA did not waive immunity for declaratory claims against Division in suit seeking judicial review of appeals panel's final decision).

## CONCLUSION

For these reasons, we dismiss the appeal of the trial court's order transferring venue, overrule appellant's issues, and affirm the trial court's order granting the Division's plea to the jurisdiction.[6]

_____
Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Triana

Affirmed in Part; Dismissed in Part

Filed:  July 8, 2022

_____

[6] Pending before this Court are Appellant's "Motion of Informalities in the Record and Notice of Late Reporter's Record, Motion for Review Tex. R. App. P. 24.4" and Motion to Stay. We dismiss appellant's pending motions as moot.

In his reply brief, appellant also asks this Court to grant oral argument, but we deny this request.  Appellant also asks this Court to strike the joint brief filed by the insurance carrier and his employer because "the law mandates that the employer cannot go on a fishing expedition with the carriers in the same boat, dictating, controlling the carrier's denial of the injury." Appellant fails to cite, and we have not found, any authority to support striking the brief.  We deny this request.

Further to the extent that he argues in his reply brief that he is entitled "to supersede the judgment without security by notice of appeal," we agree that appellant is presumed indigent and may proceed without payment of costs.  *See* Tex. R. App. P. 20.1 (addressing court costs when party is indigent), 25.1(d)(8) (stating that contents of notice of appeal should state, if applicable, that appellant is presumed indigent and may proceed without payment of costs under rule 20.1).