**Affirmed and Memorandum Opinion filed August 29, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00607-CV

---

### EDUARDO F. MORENO, INDIVIDUALLY, AND D/B/A CASA BLANCA COLLISION, Appellant

### V.

### HARRIS COUNTY TAX ASSESSOR COLLECTOR, Appellee

---

**On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2021-52199**

---

## M E M O R A N D U M   O P I N I O N

Eduardo F. Moreno, individually, and d/b/a Casa Blanca Collision ("Moreno"), appeals from the trial court's summary judgment order, which orders him to pay penalties, interest, and attorney's fees to the Harris County Tax Assessor Collector ("Harris County") due to Moreno's alleged failure to file or timely file monthly Dealer's Motor Vehicle Inventory Tax Statements as directed by Texas Tax Code section 23.122. In his sole appellate issue, Moreno contends

that he did not meet the statutory definition of "dealer" under Tax Code section 32.121(a)(3) and, thus, was not required to file the monthly tax statements. Concluding that Moreno's sole issue is without merit, we affirm.

### *Standards of Review*

We review a grant of summary judgment de novo. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *See City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005).

The party moving for traditional summary judgment bears the burden of showing no genuine issue of material fact exists, and it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). If the movant carries this burden, the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). In reviewing the grant of summary judgment, we must credit evidence favoring the nonmovant, indulging every reasonable inference and resolving all doubts in his or her favor. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995).

The proper interpretation of statutory language is a matter for de novo review. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). Our objective in construing a statute is to determine and give effect to the legislature's

intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). If possible, we must ascertain that intent from the language in the statute and not look to extraneous matters. *Id*. If the wording of the statute is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words and do not engage in forced or strained constructions. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997). We presume that every word was deliberately chosen and that excluded words were intentionally excluded. *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981).

### *Discussion*

As indicated, Harris County sued Moreno, alleging that he had failed to file, or timely file, numerous monthly Dealer's Motor Vehicle Inventory Tax Statements as required by Tax Code section 23.122. Tex. Tax Code § 23.122(e) ("Each month, a dealer shall complete the form regardless of whether a motor vehicle is sold."), (f) ("On or before the 10th day of a month following a month in which a dealer does not sell a motor vehicle, the dealer must file the statement with the collector and indicate that no sales were made in the prior month."), (g) ("The requirements of Subsection (f) of this section apply to all dealers, without regard to whether or not the dealer owes vehicle inventory tax for the current year."), (n) ("[A] dealer who fails to file or fails to timely file a statement as required by this section shall forfeit a penalty."). On that basis, Harris County sought penalties, interest, and attorney's fees.

Harris County subsequently filed a traditional motion for summary judgment, asserting that the evidence attached thereto conclusively established it's right to the relief requested. Attached to its motion, Harris County provided an affidavit by one of its employees, as well as several file-stamped motor vehicle inventory tax statements filed by Moreno. In the affidavit, the employee averred

3

that Moreno had filed certain statements late—as shown by the attached tax statements—and had wholly failed to file tax statements in other specified months. Also attached to the motion, Harris County provided a table calculating the penalty for the late and missing tax statements and an affidavit by Harris County's attorney in support of the request for attorney's fees. The tax statements and the table both also show Moreno's dealer's general distinguishing number.

In response to the motion, Moreno acknowledged that he holds a dealer's license but argued that this alone did not make him a dealer required to file the tax statements mandated by section 23.122. More specifically, Moreno argued, as an affirmative defense, that he qualified for an exclusion to the statutory definition of "dealer" contained in Tax Code section 23.121(a)(3). Because of the importance of this provision to the issue raised in this appeal, we reproduce it here in its entirety:

> (3) "Dealer" means a person who holds a dealer's general distinguishing number issued by the Texas Department of Motor Vehicles under the authority of Chapter 503, Transportation Code, or who is legally recognized as a motor vehicle dealer pursuant to the law of another state and who complies with the terms of Section 152.063(f). The term does not include:
>
> > (A) a person who holds a manufacturer's license issued under Chapter 2301, Occupations Code;
> >
> > (B) an entity that is owned or controlled by a person who holds a manufacturer's license issued under Chapter 2301, Occupations Code;
> >
> > (C) a dealer whose general distinguishing number issued by the Texas Department of Motor Vehicles under the authority of Chapter 503, Transportation Code, prohibits the dealer from selling a vehicle to any person except a dealer; or
> >
> > (D) a dealer who:
> >
> > > (i) does not sell motor vehicles described by Section 152.001(3)(A);
> > >
> > > (ii) meets either of the following requirements:

4

(a) the total annual sales from the dealer's motor vehicle inventory, less sales to dealers, fleet transactions, and subsequent sales, for the 12-month period corresponding to the preceding tax year are 25 percent or less of the dealer's total revenue from all sources during that period; or

(b) the dealer did not sell a motor vehicle to a person other than another dealer during the 12-month period corresponding to the preceding tax year and the dealer estimates that the dealer's total annual sales from the dealer's motor vehicle inventory, less sales to dealers, fleet transactions, and subsequent sales, for the 12-month period corresponding to the current tax year will be 25 percent or less of the dealer's total revenue from all sources during that period;

(iii) not later than August 31 of the preceding tax year, filed with the chief appraiser and the collector a declaration on a form prescribed by the comptroller stating that the dealer elected not to be treated as a dealer under this section in the current tax year; and

(iv) renders the dealer's motor vehicle inventory in the current tax year by filing a rendition with the chief appraiser in the manner provided by Chapter 22.

Tex. Tax Code § 23.121(a)(3).

In his response to the motion for summary judgment, and in his appellate briefing, Moreno has asserted that he was not required to file the section 23.122 tax statements because (1) he does not sell motor vehicles described by Tax Code section 152.001(3)(A), and (2) he has no motor vehicle inventory. Tex. Tax Code 23.122, 152.001(3)(A). These arguments are respectively based on subsections 23.121(a)(3)(D)(i) and (ii)(a), as set out above. In support of his twin positions, Moreno cites an affidavit that he had previously filed with the court. In the short affidavit, Moreno stated:

At no time while I have been doing business as Casa Blanca Collision,

5

has Casa Bianca Collision had motor vehicles for sale, at no time has Casa Blanca Collision sold any vehicle, and at no time has Casa Blanca Collision realized any sale proceeds from the sale of any vehicle.[1]

Harris County points out, however, that the list of items under subsection 23.121(a)(3)(D) is clearly intended to be read as four requirements for the exception contained therein to apply and not as four alternative exceptions, meaning that in order to fit within the definitional exception offered by the subsection, a person would need to meet each of the four listed criteria—(i) through (iv)—not just one of the four criteria, as Moreno suggests—(i) or (ii)(a). We agree with Harris County's reading of the statute.

The most important key to the statute's construction is the fact that the legislature used the conjunctive term "and" to connect the four criteria in the list and not the disjunctive term "or." *See, e.g.*, *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 69–70 (Tex. 2008) ("'And' is conjunctive[.]") (citing *Bd. of Ins. Comm'rs v. Guardian Life Ins. Co. of Tex.*, 142 Tex. 630, 180 S.W.2d 906, 908 (1944) ("Ordinarily the words 'and' and 'or,' are in no sense interchangeable terms, but, on the contrary, are used in the structure of language for purposes entirely variant, the former being strictly of a conjunctive, the latter, of a disjunctive, nature.")). This same construction is used elsewhere in the same code section, where it also clearly indicates an intent to list four required criteria or elements as opposed to four alternatives. *See, e.g.*, Tex. Tax Code § 23.121(a)(14).

---

[1] There appears to have been some concern in the trial court regarding whether the court could properly consider Moreno's affidavit, as it was not attached to his response to Harris County's motion for summary judgment but had been previously filed in relation to another motion and was then subsequently filed as an attachment to his motion to set aside the summary judgment and for a new trial. Because, as will be discussed, our resolution of this case does not turn on consideration of Moreno's affidavit, we will assume without deciding that we can consider the affidavit.

When the legislature intended to provide multiple alternatives rather than multiple requirements, it used the disjunctive term "or." *See id*. § 23.121(a)(8).

It should be noted that there may be occasions when the term "and" should be interpreted as disjunctive in a particular statute. *See Bayou Pipeline Corp. v. R.R. Comm'n*, 568 S.W.2d 122, 125 (Tex. 1978) (explaining that while ordinarily the words "and" and "or" are not interchangeable, the former may be interpreted as the latter when "strong reasons" so require to effectuate the manifest intent of a statute that would otherwise be rendered ambiguous or result in an absurdity). Moreno, however, offers no argument as to why the "and" in subsection 23.121(a)(3)(D) should be interpreted as disjunctive, and we discern no such reason.[2]

As stated, Moreno's sole argument on appeal is that he was not required to file the section 23.122 tax statements because he falls into exceptions to the definition of "dealer" contained in subsections 23.121(a)(3)(D)(i) and (ii)(a). As explained above, that argument is without merit. Accordingly, we overrule Moreno's sole issue.

We affirm the trial court's judgment.


/s/ Frances Bourliot
Justice

Panel consists of Justices Jewell, Bourliot, and Poissant.

---

[2] Moreno points out that there is no "and" between subsections 23.121(a)(3)(D)(i) and (D)(ii) and suggests that this distinguishes those subsections from subsections (D)(iii) and (D)(iv), which do have an "and" between them. But the reason there is no "and" between subsections (D)(i) and (D)(ii) is because they are part of a list that also includes subsections (D)(iii) and (D)(iv). *See* William A. Sabin, The Gregg Reference Manual 35 (9th ed. 2001).